Submitted July 2, reversed and remanded November 20, 2013

Beverly K. YOUNG,
*Plaintiff-Appellant,*
*v.*

Brenda DAVIS,
personally,
*Defendant-Respondent,*
*and*

UNITED STATES OF AMERICA,
in place of Brenda Davis
acting in course and scope of her employment;
and Pamela Mindt and Hannelie Vermeulen,
*Defendants.*

Multnomah County Circuit Court
101115560; A148249

314 P3d 350

C. Michael Arnold, Emilia Gardner, and Arnold Law Office, LLC, filed the brief for appellant.

Christopher Lundberg, Matthew E. Malmsheimer, and Haglund Kelley Jones & Wilder, LLP, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Wollheim, Judge, and Hadlock, Judge.

SERCOMBE, P. J.

## SERCOMBE, P. J.

Plaintiff appeals a judgment dismissing her claims for defamation and wrongful use of civil proceedings. As pertinent to this appeal, the judgment was entered after the trial court granted defendant's special motion to strike, which was brought pursuant to ORS 31.150, Oregon's "anti-SLAPP" (Strategic Lawsuits Against Public Participation) statute. Plaintiff argues that the trial court erred in applying ORS 31.150, specifically assigning error to (1) the trial court's determination that plaintiff's defamation claims were subject to that statute; (2) the trial court's determination that plaintiff had not met her burden of proof under the statute and its "weighing" of the evidence in concluding that plaintiff was not "likely" to succeed on the merits; and (3) the trial court's denial of plaintiff's motion for additional discovery. We reach only plaintiff's second assignment of error and conclude—assuming, without deciding, that each of plaintiff's claims was subject to ORS 31.150—that the trial court applied an incorrect legal standard with respect to plaintiff's burden of proof under that statute. Accordingly, the trial court erred in granting defendant's special motion to strike plaintiff's defamation and wrongful use of civil proceedings claims and, therefore, we reverse and remand.

To provide context, we begin by describing Oregon's anti-SLAPP statute. ORS 31.150 was enacted in 2001 to "permit a defendant who is sued over certain actions taken in the public arena to have a questionable case dismissed at an early stage." *Staten v. Steel*, 222 Or App 17, 27, 191 P3d 778 (2008), *rev den*, 345 Or 618 (2009).[1] That statute provides, in full:

---

[1] We further described the nature and purpose of ORS 31.150 in *Staten*:

"[L]egislators explained that [the statute's] purpose is to provide for the dismissal of claims against persons participating in public issues, when those claims would be privileged under case law, before the defendant is subject to substantial expenses in defending against them. * * * When a defendant makes a *prima facie* showing that the plaintiff's claim arises out of a covered action, the burden shifts to the plaintiff to show that there is a probability that it will prevail on its claim. In doing so, the plaintiff must present substantial evidence to support a *prima facie* case. ORS 31.150(3). In making its decision on the motion, the trial court examines not only the pleadings but also any supporting and opposing affidavits. ORS 31.150(4). The special motion, thus, may require the plaintiff to present the factual basis for its claim at the beginning of the litigation."

222 Or App at 29.

"(1)  A defendant may make a special motion to strike against a claim in a civil action described in subsection (2) of this section. The court shall grant the motion unless the plaintiff establishes in the manner provided by subsection (3) of this section that there is a probability that the plaintiff will prevail on the claim. The special motion to strike shall be treated as a motion to dismiss under ORCP 21 A but shall not be subject to ORCP 21 F. Upon granting the special motion to strike, the court shall enter a judgment of dismissal without prejudice. If the court denies a special motion to strike, the court shall enter a limited judgment denying the motion.

"(2)  A special motion to strike may be made under this section against any claim in a civil action that arises out of:

"(a)  Any oral statement made, or written statement or other document submitted, in a legislative, executive or judicial proceeding or other proceeding authorized by law;

"(b)  Any oral statement made, or written statement or other document submitted, in connection with an issue under consideration or review by a legislative, executive or judicial body or other proceeding authorized by law;

"(c)  Any oral statement made, or written statement or other document presented, in a place open to the public or a public forum in connection with an issue of public interest; or

"(d)  Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

"(3)  A defendant making a special motion to strike under the provisions of this section has the initial burden of making a prima facie showing that the claim against which the motion is made arises out of a statement, document or conduct described in subsection (2) of this section. If the defendant meets this burden, the burden shifts to the plaintiff in the action to establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie case. If the plaintiff meets this burden, the court shall deny the motion.

"(4)  In making a determination under subsection (1) of this section, the court shall consider pleadings and

supporting and opposing affidavits stating the facts upon which the liability or defense is based.

"(5) If the court determines that the plaintiff has established a probability that the plaintiff will prevail on the claim:

"(a) The fact that the determination has been made and the substance of the determination may not be admitted in evidence at any later stage of the case; and

"(b) The determination does not affect the burden of proof or standard of proof that is applied in the proceeding."

Thus, the resolution of a special motion to strike under Oregon's anti-SLAPP statute requires that the court engage in a two-step burden-shifting process. First, the court must determine whether the defendant has met its initial burden to show that the claim against which the motion is made "arises out of" one or more protected activities described in subsection (2). Second, if the defendant meets its burden, "the burden shifts to the plaintiff in the action to establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie case." If the plaintiff succeeds in meeting that burden, the special motion to strike must be denied. ORS 31.150(3).

With that background in mind, we turn to the pertinent facts of this case, which are largely procedural. The parties worked together at a Veterans Administration (VA) facility in White City, Oregon. During 2009, defendant made numerous reports to her supervisor concerning alleged sexual harassment by plaintiff—leading to two administrative workplace investigations. In October 2010, plaintiff filed the instant action against defendant in circuit court, pleading claims for, as relevant here, defamation and wrongful use of civil proceedings.[2] In her operative complaint, plaintiff

---

[2] Plaintiff initially pleaded five claims for relief and directed several allegations at two parties in addition to defendant. Those two additional parties subsequently settled with plaintiff, obviating plaintiff's first and second claims for relief. Further, upon certification by the Office of the United States Attorney General that certain alleged incidents occurred within the course and scope of defendant's federal employment, all but two of the 22 allegedly defamatory statements (labeled "(u)" and "(v)") included in plaintiff's third claim for relief (defamation), along with plaintiff's fourth claim for relief (intentional interference

alleged that defendant had made the following defamatory statements against her:

> "u. On or about May 9, 2010, [defendant] told the Jackson County Sheriff's Office that [plaintiff] was making unwanted sexual advances to her when they had no social interactions for seven months previous. She also accused [plaintiff] of violence potential and calling her from a landline. This led to deputies arriving at her ranch with two police cars and one deputy saying, 'Show me your gun.'
>
> "v. On or about July 1, 2010, [defendant] told the VA Police and other unknown third parties that [plaintiff] had violated the stalking protective order that was then active when [plaintiff] walked into the VA coffee shop."

In connection with the stalking protective order (SPO) referenced in statement (v), plaintiff additionally pleaded a claim for wrongful use of civil proceedings, alleging that, "[o]n May 3, 2010, [defendant] caused a citation to initiate [an SPO] against [plaintiff] in Jackson County Circuit Court and continued the prosecution of it thereafter. On August 12, 2010, the Court dismissed the [SPO] with prejudice, resulting in the underlying case being terminated in Plaintiff's favor." Plaintiff further alleged that defendant "lacked probable cause as to the requisite elements of an SPO" and "filed the SPO willfully and maliciously, with the primary purposes of injuring and harassing Plaintiff."

On December 23, 2010, defendant filed a special motion to strike plaintiff's claims under ORS 31.150. Addressing the first step of the two-step burden-shifting process described above, defendant argued that plaintiff's defamation and wrongful use of civil proceedings claims were directed at protected activities under ORS 31.150(2)(b) and (d) because those claims arose "directly out of [defendant's] statements made 'in connection' with" the VA administrative investigation and proceedings and defendant's "efforts to secure [an SPO] to protect herself from [plaintiff]."

---

with economic relations), were removed to federal court in accordance with the Westfall Act, 28 USC §§ 2671-2680, after the Appellate Commissioner vacated, for lack of subject matter jurisdiction, the parts of the trial court's order dismissing those claims. Accordingly, the only issues remaining before this court pertain to defendant's special motion to strike statements (u) and (v) of plaintiff's third claim for relief (defamation) and the entirety of her fifth claim for relief (wrongful use of civil proceedings).

Addressing the second step in the analysis mandated by ORS 31.150, both parties submitted affidavits and extensive evidence for the trial court's consideration under subsection (4) of the statute. Defendant argued that plaintiff had failed to meet her burden "to establish that there [was] a probability that [she would] prevail" on her claims, asserting that plaintiff had failed to present "substantial evidence to support a prima facie case" as to any of her claims for relief. ORS 31.150(3). Plaintiff responded that, "[e]ven if Defendant could show that Plaintiff's action [fell] under ORS 31.150[(2)]," plaintiff's "evidentiary burden [was] quite low" in that her burden to establish a "probability" of success on the merits meant only "something more than an improbable long shot or fluke, but no more than the 'substantial evidence' standard." Plaintiff further asserted that she had presented "substantial evidence to establish a *prima facie* case" for each of her claims and had therefore met her burden under ORS 31.150(3). (Boldface omitted.)

The trial court granted defendant's special motion to strike, concluding that plaintiff's defamation claim was subject to ORS 31.150(2) under paragraphs (b) and (d) and that plaintiff's claim for wrongful use of civil proceedings, "like all claims of wrongful use of civil proceedings, [was] undisputably within the protection of ORS 31.150." The trial court then assessed "plaintiff's probability of success" on the merits, concluding:

> "[A]n assessment of the probability of success requires consideration of the truth of the claims made. That, in turn, requires consideration of the credibility of the parties. Unfortunately, factual differences useful for determining the relative credibility of the two parties are rare in this case. Much of the dispute involves events that only the two parties witnessed, and often their differences are matters of competing inferences rather than facts. As this court noted on the record at the hearing on these motions, it isn't possible for both accounts of their shared history to be true. Each party explains the differences between them as a product of the other party's mental illness. Defenses aside, the court finds [that plaintiff] has brought forth substantial evidence in her favor, but because there is also substantial evidence to the contrary, the court is unable to conclude that [plaintiff] has established a probability of

success on the merits. When the defenses of statute of limitations and qualified privilege are considered, the balance tilts strongly in favor of [defendant].[3]

"* * * * *

"The fifth claim, the wrongful use [of civil proceedings] claim, suffers from the same problems as the third claim [(defamation)]. While there is evidence from which a juror might conclude that there was a wrongful use of a civil proceeding, there is not sufficient evidence to justify a conclusion that [plaintiff] is likely to succeed on the merits.

"While the court believes that a patient jury, suitably instructed, could resolve the issues between these parties, the court concludes that such a trial is barred by ORS 31.150."

Plaintiff appeals, first assigning error to the trial court's determination that defendant had satisfied her *prima facie* burden to show that plaintiff's defamation claims were subject to a special motion to strike under ORS 31.150(2)(b) or (d). As to ORS 31.150(2)(b), plaintiff argues that the allegedly defamatory statements "were not made in connection with an issue under consideration by an executive body"—apparently focusing on those statements made in the context of the parties' federal employment with the VA, which are no longer at issue before this court. (Boldface omitted.) Plaintiff likewise challenges the trial court's conclusion that the allegedly defamatory statements were protected under ORS 31.150(2)(d), asserting that they "did not constitute an exercise of [defendant's] constitutional right of free speech in connection with a public issue or an issue of public interest" because they amounted to nothing more

---

[3] The trial court's order was directed at the entirety of plaintiff's complaint and therefore addressed numerous claims and issues that are no longer before us on appeal. Likewise, the parties' briefing—submitted after defendant became the lone defendant in the case and before the Appellate Commissioner vacated the trial court's dismissal of all of plaintiff's claims with the exception of defamation claims (u) and (v) and plaintiff's claim for wrongful use of civil proceedings—predominately addresses matters that are no longer relevant to this appeal. *See* 259 Or App at 501-02 n 2. We reiterate that procedural background because, in addressing the "defense[] of statute of limitations," the trial court's order was relevant only to claims that have since been removed to federal court. Defendant's briefing reflects as much, addressing the defense of statute of limitations only with respect to allegedly defamatory statements that are no longer before us. As for the defense of "qualified privilege," our disposition obviates the need to consider that aspect of the trial court's order and defendant's arguments pertaining to it.

than a private dispute between two coworkers. (Boldface omitted.)

As noted, we do not reach plaintiff's first assignment of error. With respect to whether defendant carried her initial burden to show that plaintiff's defamation claims were subject to a special motion to strike under ORS 31.150(2), the trial court's order does not directly address statements (u) and (v), and, more importantly, plaintiff does not offer any focused argument on appeal with respect to those allegedly defamatory statements. *Cf. State v. Brand*, 257 Or App 647, 651, 307 P3d 525 (2013) ("[I]t is not this court's function to speculate as to what a party's argument might be. Nor is it our proper function to make or develop a party's argument when that party has not endeavored to do so itself." (Citations and internal quotation marks omitted; brackets in original.)). Accordingly, in the absence of a sufficiently developed argument that defendant failed to demonstrate that statements (u) and (v) fall within the scope of ORS 31.150(2), we decline to address plaintiff's first assignment of error, proceed as though each of plaintiff's claims was subject to that statute—without addressing the merits of that issue—and decide this case solely on the basis of plaintiff's second assignment of error.

In that second assignment, plaintiff contends that the trial court erred in determining that, under the second step of the burden-shifting process set forth in ORS 31.150(3), plaintiff had not established a probability of prevailing at trial on her claims by presenting substantial evidence to support a *prima facie* case. Specifically, she argues that she satisfied her burden under the statute and that the trial court erred, as a matter of law, in "weighing" her evidence against defendant's and concluding that plaintiff was not "likely" to prevail—erroneously interpreting and applying ORS 31.150(3) and violating her right to a jury trial under Article I, section 17, of the Oregon Constitution.[4]

---

[4] Article I, section 17, provides that "[i]n all civil cases the right of Trial by Jury shall remain inviolate." As plaintiff correctly notes, Article I, section 17, protects the right to a jury trial with respect to actions for which a jury trial was provided at common law—*i.e.*, when the Oregon Constitution was adopted in 1857—and "cases of like nature." *Greist v. Phillips*, 322 Or 281, 292-93, 906 P2d 789 (1995) (citations and internal quotation marks omitted). However, given

Defendant responds that plaintiff failed to produce substantial evidence to support a *prima facie* case and therefore failed to satisfy her burden of proof under ORS 31.150(3). Defendant further contends, albeit in passing while advancing arguments no longer relevant to the issue before us,[5] that the trial court did not violate plaintiff's rights under Article I, section 17, and that ORS 31.150(3) required that the trial court "decid[e] whether [plaintiff] ha[d] established a *'probability'* of success on the merits[.]" (Emphasis added.) As explained below, we agree with plaintiff and conclude that the trial court improperly weighed the parties' competing evidence and therefore erred in its application of ORS 31.150(3).

Applying the second step of the aforementioned burden-shifting analysis to plaintiff's claim for wrongful use of civil proceedings, the trial court concluded:

> "The fifth claim, the wrongful use [of civil proceedings] claim, suffers from the same problems as the third claim [(defamation)]. *While there is evidence from which a juror might conclude that there was a wrongful use of a civil proceeding,* there is not sufficient evidence to justify a conclusion that [plaintiff] is *likely* to succeed on the merits."

(Emphases added.) As set forth above, the trial court's reference to "the same problems as the third claim" pertains to its conclusions regarding plaintiff's defamation claims—*i.e.*, that plaintiff "has brought forth substantial evidence in her favor, *but because there is also substantial evidence to the contrary,* the court is unable to conclude that [plaintiff] has established a *probability of success* on the merits." (Emphases added.) As that language suggests, the trial court employed similar reasoning in addressing plaintiff's defamation claims:

> "Defenses aside, the court finds [that plaintiff] *has brought forth substantial evidence in her favor,* but *because there is*

---

our conclusion that the trial court erred as a matter of law in interpreting and applying ORS 31.150(3), we need not reach plaintiff's constitutional argument.

[5] Given the unique procedural history of this case, the balance of defendant's argument with respect to the second step of the burden-shifting analysis under ORS 31.150(3) focuses on defenses that are no longer relevant to this appeal, as well as the trial court's authority to consider them.

*also substantial evidence to the contrary, the court is unable to conclude that [plaintiff] has established a probability of success on the merits.* When the defenses of statute of limitations and qualified privilege are considered, the balance *tilts* strongly in favor of [defendant]."[6]

(Emphases added.)

Thus, although the trial court determined that plaintiff had "brought forth substantial evidence" upon which a juror could find for plaintiff on her claims, it erred in taking the additional step of attempting to determine *the strength of plaintiff's probability of prevailing* on those claims. Stated differently, the trial court improperly weighed defendant's evidence against plaintiff's evidence in order to determine whether plaintiff's claims were "likely to succeed on the merits" rather than limiting its analysis to the question whether plaintiff had met her burden "by presenting substantial evidence to support a prima facie case." ORS 31.150(3).

In assessing the proper standard under the second step of the burden-shifting analysis established by ORS 31.150(3), we examine the text of that statute in context, along with any relevant legislative history, in order to discern and give effect to the legislature's intent. *See State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009) (setting forth methodology for interpretation of statutory language). Moreover, we have expressly recognized that Oregon's anti-SLAPP statute was "modeled on California statutes," citing the legislative history of ORS 31.150 to 31.155 in stating that "[i]t was intended that California case law would inform Oregon courts regarding the application of ORS 31.150 to ORS 31.155." *Page v. Parsons*, 249 Or App 445, 461, 277 P3d 609 (2012) (citations omitted). Again, ORS 31.150(3) provides:

---

[6] Although the trial court's final sentence addressing the "defenses of statute of limitations and qualified privilege" is not directly relevant on appeal given that those defenses are no longer at issue, we include it here to highlight, as explained further below, the trial court's improper application of the standard set forth in ORS 31.150(3). That is, even assuming that those defenses were relevant, the trial court's statement that they "tilt[ed]" the balance in favor of defendant reflects precisely the kind of "weighing" of evidence that is impermissible in determining whether a plaintiff has met his or her burden of proof under the statute. Unless one or more defenses defeat a plaintiff's claim *as a matter of law*, they cannot "tilt" the balance in either party's favor under ORS 31.150(3). *See* 259 Or App 507-10.

> "A defendant making a special motion to strike under the provisions of this section has the initial burden of making a prima facie showing that the claim against which the motion is made arises out of a statement, document or conduct described in subsection (2) of this section. *If the defendant meets this burden, the burden shifts to the plaintiff in the action to establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie case. If the plaintiff meets this burden, the court shall deny the motion.*"

(Emphasis added.) Here, the phrase "that there is a probability" is qualified by the phrase "*by* presenting substantial evidence to support a prima facie case." (Emphasis added.) Thus, the statute, read as a whole, dictates that a plaintiff has met its burden where it has, in fact, "present[ed] substantial evidence to support a prima facie case." In other words, the statutory text indicates that the presentation of substantial evidence to support a *prima facie* case is, *in and of itself,* sufficient to establish a probability that the plaintiff will prevail; whether or not it is "likely" that the plaintiff will prevail is irrelevant in determining whether it has met the burden of proof set forth by ORS 31.150(3). *See OEA v. Parks,* 253 Or App 558, 565, 291 P3d 789 (2012), *rev den,* 353 Or 867 (2013) (rejecting argument that "the standard established by ORS 31.150 requires *more* evidence than that from which a reasonable jury could conclude that [the] plaintiffs had established the facts necessary to prove their claim" (emphasis in original)); *see also Oviedo v. Windsor Twelve Properties, LLC,* 212 Cal App 4th 97, 112, 151 Cal Rptr 3d 117 (2012) ("The probability of prevailing standard is satisfied when the party opposing an anti-SLAPP motion presents admissible evidence demonstrating the existence of a *prima facie* case * * *.").

That low bar befits the pretrial nature of a special motion to strike under ORS 31.150; the goal, similar to that of summary judgment, is to weed out meritless claims meant to harass or intimidate—not to require that a plaintiff prove its case before being allowed to proceed further. *See Staten,* 222 Or App at 32 ("The purpose of the special motion to strike procedure, as amplified in the pertinent legislative history, is to expeditiously terminate *unfounded* claims that

threaten constitutional free speech rights, not to deprive litigants of the benefit of a jury determination that a claim is *meritorious.*" (Emphases in original.)). Moreover, that interpretation of the statute is reinforced by the fact that it applies only to certain civil claims and, in all but the rarest of circumstances, the burden of proof for those civil claims is a preponderance of the evidence. Indeed, it would make little sense to require a plaintiff facing a special motion to strike to carry a heavier burden to get to trial than he or she would face *at trial.* As the California Court of Appeals aptly stated in *Greene v. Bank of America,* 216 Cal App 4th 454, 457-58, 156 Cal Rptr 3d 901 (2013):

> "Precisely because the statute * * * permits early intervention in lawsuits alleging unmeritorious causes of action * * *, the plaintiff's burden of establishing a probability of prevailing is not high: We do not weigh credibility, nor do we evaluate the weight of the evidence. Instead, *we accept as true all evidence favorable to the plaintiff and assess the defendant's evidence only to determine if it defeats the plaintiff's submission as a matter of law.* Only a cause of action that lacks 'even minimal merit' constitutes a SLAPP."

(Citations omitted; emphasis added.) *See also Consumer Justice Center v. Trimedica International, Inc.,* 107 Cal App 4th 595, 604-05, 132 Cal Rptr 2d 191 (2003) (noting that the court does "not weigh the evidence, but accept[s] as true all evidence favorable to the plaintiff" and reasoning that "the plaintiff's burden to establish a probability of prevailing on its claim must be compatible with the early stage at which the [special motion to strike] is brought, and the parties' limited opportunity to conduct discovery" (citations omitted)).

Moreover, consonant with California's above-noted approach and plaintiff's argument that the trial court erred in "weighing" the evidence to determine that it was not "likely" that she would prevail, under the second step of the burden-shifting analysis the court may consider defendant's evidence only insofar as necessary to determine whether it defeats plaintiff's claim as a matter of law. Although ORS 31.150(4) states that, in making its determination, "the court shall consider pleadings and supporting *and opposing* affidavits stating the facts upon which the liability *or defense*

is based[,]" the trial court may not weigh the plaintiff's evidence against the defendant's to determine whether there is a "probability" that the plaintiff will prevail. (Emphases added.) Rather, as we recently noted in relying on California case law for guidance, "[t]he court also considers the defendant's opposing evidence, *but only to determine if it defeats the plaintiff's showing as a matter of law." Page*, 249 Or App at 461 (citation and internal quotation marks omitted; emphasis added); *see also Hawran v. Hixson*, 209 Cal App 4th 256, 273-74, 147 Cal Rptr 3d 88 (2012) ("[T]hough the court does not *weigh* the credibility or comparative probative strength of competing evidence, it should grant the motion if, *as a matter of law*, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim." (First emphasis in original; second emphasis added.)).

Accordingly, notwithstanding ORS 31.150(4), the trial court erred to the extent that it weighed defendant's evidence against plaintiff's in determining that plaintiff was not "likely to succeed on the merits" of her claims. As noted above, in addressing plaintiff's defamation claim, the court stated that, "[d]efenses aside," although plaintiff presented substantial evidence supporting her claim, *"because there is also substantial evidence to the contrary*, the court is unable to conclude that [plaintiff] has established a *probability* of success on the merits." (Emphases added.) That reasoning reflects precisely the type of "weighing" of evidence that is impermissible under ORS 31.150(3). Coupled with the trial court's conclusion, with respect to plaintiff's claim for wrongful use of civil proceedings, that "there is not sufficient evidence to justify a conclusion that plaintiff is likely to succeed on the merits[,]" it is evident that the trial court applied the wrong legal standard under ORS 31.150(3). The trial court should have assessed whether plaintiff met her burden "by presenting substantial evidence to support a prima facie case." ORS 31.150(3). Rather than determine, simply, whether plaintiff had "present[ed] substantial evidence to support a prima facie case[,]" the trial court weighed both parties' evidence in order to determine plaintiff's "likel[ihood]" of success—erroneously holding plaintiff to a higher burden than ORS 31.150(3) demands.

In sum, assuming that each of plaintiff's remaining claims was subject to Oregon's anti-SLAPP statute under ORS 31.150(2), the trial court dismissed them under an improper legal standard at odds with the plain text of ORS 31.150(3). Accordingly, the trial court erred in granting defendant's special motion to strike, and, although the trial court's order might be read to conclude that plaintiff met her burden (*i.e.*, by bringing forth "substantial evidence in her favor" on the defamation claims and presenting evidence "from which a juror might conclude that there was a wrongful use of a civil proceeding"), given the complex procedural history of the case—leading to ambiguity in the trial court's order and minimal focus on statements (u) and (v) and plaintiff's wrongful use of civil proceedings claim—we remand for application of the correct legal standard under ORS 31.150(3). *See, e.g., Williams v. Salem Women's Clinic*, 245 Or App 476, 483, 263 P3d 1072 (2011) (noting that we sometimes "remand so the trial court may apply the correct standard in the first instance").

Reversed and remanded.