DeVORE, J.
*69 Plaintiff brought claims against defendants in response to defendants' writs of garnishment issued to local banks, plaintiff's clients, and his legal assistant. Defendants appeal from a limited judgment denying defendants' special motions to strike those claims pursuant to ORS 31.150, Oregon's anti-SLAPP statute.[1] Defendants argue that the trial court erred because the writs of garnishment are either statements "submitted in a judicial proceeding" under ORS 31.150(2)(a) or submitted "in connection with an issue under consideration or review by a judicial body" under ORS 31.150(2)(b). We disagree and affirm the limited judgment.[2]
Because its terms are critical, we begin with a description of the anti-SLAPP statute. The purpose of ORS 31.150 is to " 'permit a defendant who is sued over certain actions taken in the public arena to have a questionable case dismissed at an early stage.' " Mullen v. Meredith Corp. , 271 Or. App. 698, 700, 353 P.3d 598 (2015) (quoting Staten v. Steel , 222 Or. App. 17, 27, 191 P.3d 778 (2008), rev. den. , 345 Or. 618, 201 P.3d 909 (2009) ). That statute provides, in material part:
"(1) A defendant may make a special motion to strike against a claim in a civil action described in subsection (2) of this section. The court shall grant the motion unless the plaintiff establishes in the manner provided by subsection (3) of this section that there is a probability that the plaintiff will prevail on the claim. *** If the court denies a special motion to strike, the court shall enter a limited judgment denying the motion.
"(2) A special motion to strike may be made under this section against any claim in a civil action that arises out of:
"(a) Any oral statement made, or written statement or other document submitted, in a legislative, executive or judicial proceeding or other proceeding authorized by law;
"(b) Any oral statement made, or written statement or other document submitted , in connection with an issue *70 under consideration or review by a legislative, executive or judicial body or other proceeding authorized by law;
"(c) Any oral statement made, or written statement or other document presented, in a place open to the public or a public forum in connection with an issue of public interest; or
"(d) Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free *723 speech in connection with a public issue or an issue of public interest.
"(3) A defendant making a special motion to strike under the provisions of this section has the initial burden of making a prima facie showing that the claim against which the motion is made arises out of a statement, document or conduct described in subsection (2) of this section. If the defendant meets this burden, the burden shifts to the plaintiff in the action to establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie case. If the plaintiff meets this burden, the court shall deny the motion."
ORS 31.150 (emphases added). In keeping with those provisions, a special motion to strike is resolved according to a "two-step burden-shifting process." Young v. Davis , 259 Or. App. 497, 501, 314 P.3d 350 (2013). In Young , we explained:
"First, the court must determine whether the defendant has met its initial burden to show that the claim against which the motion is made 'arises out of' one or more protected activities described in subsection (2). Second, if the defendant meets its burden, 'the burden shifts to the plaintiff in the action to establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie case.' If the plaintiff succeeds in meeting that burden, the special motion to strike must be denied. ORS 31.150(3)."
In reviewing a motion to strike, we take the facts from the pleadings and from the supporting and opposing affidavits submitted to the trial court and state them in the light most favorable to plaintiff. ORS 31.150(4) ; Neumann v. Liles , 261 Or. App. 567, 570 n. 2, 323 P.3d 521 (2014), rev'd on other grounds , 358 Or. 706, 369 P.3d 1117 (2016).
*71 Plaintiff, an attorney, had sued his former client, Seida Land & Livestock, LLC (Seida LLC), as well as the Seida parents and their grown children (Seida siblings), in Lincoln County. In that case, plaintiff alleged damages on contract claims for unpaid attorney fees and sought foreclosure of an attorney's lien. The Seida siblings argued that they were not proper parties and moved for summary judgment as to plaintiff's claims against them.
The trial court, among other things, granted their motion for summary judgment and entered a limited judgment dismissing them from the case. Later, the court entered a judgment awarding the Seida siblings $ 62,608 in recovery of attorney fees in that proceeding.[3] Plaintiff filed a notice of appeal from the judgment for attorney fees, and proffered an undertaking on appeal. The Seida siblings objected to the sufficiency of the undertaking, and the trial court sustained their objection during the hearing on July 5, 2017. The court did not enter the order until July 26, 2017.
In the meantime, before the order was entered, on July 12, 2017, defendant David Bowser, one of the attorneys for the Seida siblings, issued nine garnishment writs to banks in Lincoln City, where plaintiff maintains his law practice, seeking to collect on the judgment debt for attorney fees. In seemingly routine form, the writs recited that plaintiff owed money to the Seida siblings, that a limited judgment had been entered against plaintiff for that debt, that the debt of $ 63,098.54 was subject to garnishment, and that the garnishee must answer the writ. On July 19, 2017, Columbia Bank sent Bowser a check for $ 3,686.12 in response to the writ it received. Bowser also sent writs of garnishment to two of plaintiff's litigation clients and one to plaintiff's legal assistant.
On July 20, 2017, plaintiff told Bowser that he believed that issuing the garnishments violated a temporary judgment stay created by ORS 19.360. On the same day, Bowser sent releases of garnishment to each garnishee, and he returned $ 3,686.12 to Columbia Bank.
*72 On July 24, 2017, plaintiff filed this action in Washington County seeking damages and declaratory relief for the alleged "violation of the automatic stay afforded [to] plaintiff by ORS 19.335(1) and ORS 19.360(1)."
*724 Plaintiff alleged that defendants "wrongfully executed plaintiff's personal property for the unlawful purpose of frustrating his ability to prepare for trial in foreclosure proceedings against property claimed by their limited liability company Seida Land & Livestock, LLC." Plaintiff alleged four claims based on the writs of garnishment: (1) wrongful execution in violation of automatic stay; (2) "statutory violation"; (3) libel per se ; and (4) a request for declaratory relief.
In response, defendants filed special motions to strike under ORS 31.150(2)(a) and (b). Defendants argued that plaintiff's claims were subject to the anti-SLAPP statute because plaintiff's claims arose out of statements or documents "submitted in a judicial proceeding or in connection with an issue under consideration or review by a judicial body." The trial court denied defendants' motion and entered a limited judgment, concluding that defendants "failed to make a prima facie showing that the claims against which the motion is made arises out of statements or documents as required by ORS 31.150(2)(a), (b)."
On appeal, defendants assign error to the trial court's denial of their motion to strike. Defendants reiterate that their acts of issuing writs of garnishment to third parties are protected by ORS 31.150(2)(a) and (b). Also, defendants argue that plaintiff failed to establish that there is a probability that plaintiff will prevail on the claims by presenting substantial evidence to support a prima facie case under ORS 31.150(3). In opposition, plaintiff makes a number of procedural arguments and, on the merits, contends that the trial court did not err. We address the merits of the question whether the anti-SLAPP statute applies.
As framed, the question is whether statements in the writs of garnishment that defendants delivered to local banks, plaintiff's clients, and his legal assistant are statements that are "submitted in a judicial proceeding" or "submitted in connection with an issue under consideration or *73 review by a judicial body." ORS 31.150(2)(a), (b).[4] That is a question of law that we review for legal error. Deep Photonics Corp. v. LaChapelle , 282 Or. App. 533, 540, 385 P.3d 1126 (2016), rev. den. , 361 Or. 524, 395 P.3d 874 (2017). Defendants have the burden, under ORS 31.150(3), to show that the claims brought against them in plaintiff's complaint arose out of one of the circumstances set out in ORS 31.150(2)(a) to (d). Young , 259 Or. App. at 501, 314 P.3d 350.
Resolution of the issue turns on what the legislature intended when it described those specified circumstances. When construing a statute, we examine the text of the statute in context. State v. Gaines , 346 Or. 160, 171-72, 206 P.3d 1042 (2009). The text is generally "the best evidence of the legislature's intent." PGE v. Bureau of Labor and Industries , 317 Or. 606, 610, 859 P.2d 1143 (1993). We also consider any useful legislative history that the parties have provided or that, in our discretion, we have identified ourselves. Gaines , 346 Or. at 166, 172, 206 P.3d 1042 ; ORS 174.020(3) ("A court may limit its consideration of legislative history to the information that the parties provide to the court.").
We focus primarily on the first of two particular provisions, as do the parties. In ORS 31.150(2)(a), the phrase "submitted[ ] in a *** judicial proceeding" is not defined. Because the legislature has not defined the phrase, we consider dictionary definitions to aid in our understanding of the plain meaning of the term. Central Oregon LandWatch v. Deschutes County , 276 Or. App. 282, 289-90, 367 P.3d 560 (2016). The verb "submitted," as it is used here, is defined as "to send *** for consideration, study, or decision : refer < ~ a question to the court> *** b : to present or make available for use or study : offer, supply < ~ a report> < ~ a manuscript *725 to a publisher[.]" Webster's Third New Int'l Dictionary 2277 (unabridged ed. 2002) (emphasis added). The phrase *74 "judicial proceeding" may be understood to mean "[a]ny court proceeding ; any proceeding initiated to procure an order or decree, whether in law or in equity." Black's Law Dictionary 1398 (10th ed. 2014) (emphasis added). Accordingly, we understand the term "court proceeding" to likewise refer to a proceeding to procure a judgment, a similar determination, or other court action.
Read together, the plain meaning of statements "submitted in a judicial proceeding" means statements that are sent for consideration or presented for use in a court proceeding or a proceeding initiated to procure an order, decree, judgment, or similar action. Our issue becomes whether defendants' statements in the writs of garnishment, which defendants delivered to banks and other third parties, were statements that were sent, committed for consideration, or presented for use in a proceeding initiated to procure an order, decree, judgment, or similar action.
We apply those terms to the particular statements at issue at the time when defendants sent or presented those statements. In Oregon, a comprehensive set of statutes describes the nature, use, and function of writs of garnishment. Generally, garnishment is "the procedure by which a creditor invokes the authority of a circuit court, justice court or municipal court to acquire garnishable property of a debtor that is in the possession, control or custody of a person other than the debtor." ORS 18.602. After the court enters a valid judgment requiring the payment of money, writs of garnishment may be issued by the court administrator or by an attorney who is an active member of the Oregon Bar. ORS 18.602 (describing garnishment); ORS 18.635 (writs may be issued by court administrator or licensed Oregon attorney).
In order to issue a writ of garnishment, an attorney need not apply to the court for authorization to issue the writ or for further confirmation of the debt. See id . (authorizing attorney to issue writ for purpose of enforcing a judgment for payment of money judgment entered of record). Without any intervention of the court, a garnishee, upon receipt of a writ of garnishment, is required to determine whether the garnishee has possession, control, or custody of garnishable *75 property and to make delivery of that property as required by law. ORS 18.665 (duties of garnishee). In its essence, the issuance and receipt of a writ of garnishment does not elicit, require, or call for any action by the court, although it issues pursuant to the authority of the court. The simple purpose of that writ is to effect some payment of a judgment debt that has already been established. A judgment debtor may choose to allow the garnishment to take effect and satisfy that debt. If so, the court is not called to act. Certainly, nothing in the issuance or delivery of a writ itself seeks court consideration or action.
Of course, a debtor may choose to challenge a garnishment to claim an exemption, to challenge the amount of the garnishment, or to assert that the property is not garnishable property. ORS 18.700(1). If the debtor challenges the garnishment, the debtor notifies the court administrator and the garnishor of the challenge to the garnishment. ORS 18.700(2). After receiving notice of the debtor's challenge, the garnishor is required to send any disputed money received to the court. ORS 18.705(1). Thus prompted, the court will hold a hearing to determine the merits of the debtor's challenge. ORS 18.710(1). The debtor's challenge, however, is the request that seeks a judicial consideration. That is not true for the writ itself, which does not seek judicial consideration.[5]
Defendants argue that the writs of garnishment they submitted to local banks, plaintiff's clients, and his legal assistant are statements that are "submitted" in a "judicial proceeding" because, under ORS 18.602, writs of garnishment are generally described as the means by which a creditor "invokes *726 the authority of the court" to acquire garnishable property. We are not persuaded that that generality resolves the question. But even recognizing that the garnishment process, as initiated by a writ, is properly considered a "judicial proceeding" for purposes of *76 ORS 31.150(2)(a) by virtue of the fact that the writ issues pursuant to the authority of the court, the problem for defendants is that the writs were not submitted to the court in the ordinary sense of the word "submit." If anything, the writs, to the extent they invoke the court's authority, are issued from a court or counsel and are more akin to a court's directive than to something sent or otherwise submitted to the court for its consideration. The challenged writs, which defendants directed at the banks, plaintiff's clients, and his legal assistant, were not submitted in a court proceeding or submitted in a proceeding initiated to procure an order or decree. Rather, the writs were submitted to nonparties to elicit their consideration and action-specifically, to compel them to pay funds in satisfaction of the judgment.
The plain language of the phrase "submitted in a judicial proceeding" in ORS 31.150(2)(a) does not comport with defendants' interpretation, and defendants have not offered any legislative history that demonstrates ambiguity in the meaning of ORS 31.150(2)(a). We need not exercise our discretion to seek legislative history, particularly when unnecessary. See Gaines , 346 Or. at 172-73, 206 P.3d 1042 (regarding discretion to consider legislative history). Considering the intersection of the statutes at issue, we conclude that the legislature did not intend that recitals made in writs of garnishment sent by attorneys to third parties to seek their responses would constitute statements "submitted in a judicial proceeding" within the meaning of ORS 31.150(2)(a).[6]
Similarly, the writs of garnishment in this case were not statements "submitted in connection with an issue under consideration or review by a judicial body" within the meaning of ORS 31.150(2)(b). (Emphasis added.) Defendants *77 have not developed an argument or provided any persuasive support for the passing reference to ORS 31.150(2)(b). And, we find nothing in the record to indicate that the writs were submitted in connection with an issue that was "under consideration or review by a judicial body" at the time they were issued and delivered to third parties. In sum, the trial court did not err in entering a limited judgment denying defendants' special motion to strike.
Affirmed.

"SLAPP" is an abbreviation for "Strategic Litigation Against Public Participation." Clackamas River Water v. Holloway , 261 Or. App. 852, 854 n. 1, 322 P.3d 614 (2014).

We reject plaintiff's cross-assignment of error without discussion.

Plaintiff's claims against Seida LLC and the Seida parents remained pending.

We do not consider whether the writs of garnishment in this case included statements that were submitted in an "other proceeding authorized by law" under ORS 31.150(2)(a), because defendants have not developed that argument. It is "not this court's function to speculate as to what a party's argument might be. Nor is it our proper function to make or develop a party's argument when that party has not endeavored to do so itself." Beall Transport Equipment Co. v. Southern Pacific , 186 Or. App. 696, 700 n. 2, 64 P.3d 1193, adh'd to on recons. , 187 Or. App. 472, 68 P.3d 259 (2003).

Not all judgment collection efforts are alike. For example, a judgment debtor examination first requires a motion to the court for an order for the examination. See ORS 18.265 ("after a judgment is entered, a judgment creditor may upon motion obtain an order requiring the judgment debtor to appear" for examination (emphasis added)).

We are not persuaded by defendants' reference to California cases decided after the adoption of Oregon's statute, inasmuch as only those cases that precede Oregon's adoption of its anti-SLAPP statute may provide context for construing our statute. See Handy v. Lane County , 360 Or. 605, 618-19, 623 n. 12, 385 P.3d 1016 (2016). Subsequent cases may be of interest but are less influential. Therefore, we are not persuaded by defendants' broad suggestion that all post-judgment collection efforts are invariably "petitioning activity." Here, ORS 31.150(2)(d), involving other conduct in furtherance of the right of petition, is not at issue. Instead, under ORS 31.150(2)(a) and (b), the issue is whether particular statements were submitted or concerned a matter under consideration in judicial proceedings, at the time those statements were made.