No. 355 April 23, 2025 33

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

CRAFT RENOVATIONS INC.,
an Oregon corporation,
*Plaintiff-Appellant,*

*v.*

Shana HARRIS,
an individual,
*Defendant,*

*and*

Michael B. HARRIS,
an individual, and Lily Tsen, an individual,
*Defendants-Respondents.*

Shana HARRIS,
an individual,
*Plaintiff,*

*v.*

CRAFT RENOVATIONS INC.,
an Oregon corporation, and Jeff L'Allier,
*Defendants.*

Washington County Circuit Court
22CV09639; A180016

Erik M. Bucher, Judge.

Argued and submitted April 12, 2024.

Paxton L. Deuel argued the cause for appellant. Also on the briefs were William G. Fig and Sussman Shank LLP.

Geoffrey B. Silverman argued the cause for respondents. Also on the brief was The Law Office of Geoffrey B. Silverman, LLC.

Before Shorr, Presiding Judge, Lagesen, Chief Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Plaintiff filed an action to foreclose on a construction lien that it recorded against defendants' property, following the performance of renovation work that plaintiff claimed it had not been compensated for. Defendants counterclaimed for slander of title, alleging that plaintiff wrongly filed the lien. In response to defendants' counterclaim, plaintiff filed a special motion to strike pursuant to ORS 31.150, Oregon's anti-SLAPP statute.[1] The trial court denied the special motion to strike and plaintiff appeals from that limited judgment, arguing that the trial court erred in concluding that the filing of the construction lien was not an act protected under ORS 31.150(2). We conclude that the trial court did not err and affirm the limited judgment.

We begin with the anti-SLAPP statute. The purpose of ORS 31.150 is to "permit a defendant who is sued over certain actions taken in the public arena to have a questionable case dismissed at an early stage." *Staten v. Steel*, 222 Or App 17, 27, 191 P3d 778 (2008), *rev den*, 345 Or 618 (2009). The statute provides, in relevant part:

> "(1)   A defendant may make a special motion to strike against a claim in a civil action described in subsection (2) of this section. The court shall grant the motion unless the plaintiff establishes in the manner provided by subsection (4) of this section that there is a probability that the plaintiff will prevail on the claim. *** If the court denies a special motion to strike, the court shall enter a limited judgment denying the motion.

> "(2)   A special motion to strike may be made under this section against any claim in a civil action that arises out of:

> "(a)   Any oral statement made, or written statement or other document submitted, in a legislative, executive or judicial proceeding or other proceeding authorized by law;

> "(b)   Any oral statement made, or written statement or other document submitted, in connection with an issue under consideration or review by a legislative, executive or judicial body or other proceeding authorized by law;

---

[1] SLAPP is an acronym for Strategic Lawsuits Against Public Participation. *See Neumann v. Liles*, 358 Or 706, 722, 369 P3d 1117 (2016).

"* * * * *

"(d)  Any other conduct in furtherance of the exercise of the constitutional right of assembly, petition or association or the constitutional right of free speech or freedom of the press in connection with a public issue or an issue of public interest.

"* * * * *

"(4)  A defendant making a special motion to strike under the provisions of this section has the initial burden of making a prima facie showing that the claim against which the motion is made arises out of a statement, document or conduct described in subsection (2) of this section. If the defendant meets this burden, the burden shifts to the plaintiff in the action to establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie case. If the plaintiff meets this burden, the court shall deny the motion."[2]

ORS 31.150. A special motion to strike is resolved in a two-step burden-shifting process, which requires the moving party to meet an initial burden to show that "the claim against which the motion is made 'arises out of' one or more protected activities described in subsection (2)." *Young v. Davis*, 259 Or App 497, 501, 314 P3d 350 (2013).

The underlying facts of the dispute between the parties are not relevant to the resolution of this matter, other than the fact that plaintiff recorded a lien against defendants' property. The only issue before us is whether the recording of a construction lien in a county recorder's office is an activity protected under ORS 31.150(2). That is a question of law that we review for legal error. *Deep Photonics Corp. v. LaChapelle*, 282 Or App 533, 540, 385 P3d 1126 (2016), *rev den*, 361 Or 524 (2017).

We begin with preservation, as it narrows our substantive analysis. Plaintiff asserts that the recording of a construction lien is a protected activity under ORS 31.150 (2)(a), (b), and (d). Defendants agree that plaintiff preserved

---

[2] The statute's reference to the parties by their role as plaintiff and defendant are reversed in the current matter, as the claim at issue was a counterclaim filed by the defendants against the plaintiff.

its argument regarding paragraphs (a) and (b), but dispute that plaintiff sufficiently raised its argument regarding paragraph (d). We agree with defendant that the argument is not preserved.

In its special motion to strike, plaintiff argued to the trial court that the recording of a lien qualified for anti-SLAPP protection under paragraphs (a) and (b). The motion quoted those portions of ORS 31.150(2), and omitted paragraphs (c) and (d). In its response to the motion, defendants summarized plaintiff's position as asserting anti-SLAPP protection under paragraphs (a) and (b), a notion that plaintiff did not dispute in its reply. Plaintiff asserts before us that, by referencing paragraph (d) in a footnote in the reply, and by repeatedly referring to the recording of the lien as "petitioning activity" during oral argument on the motion, it sufficiently alerted the court and defendants to its argument in order for it to be considered and responded to.

We disagree. Plaintiff explicitly omitted reference to paragraph (d) in its special motion to strike. Its cite to paragraph (d) in a footnote in the reply made no argument as to how paragraph (d) actually applied to the circumstances at hand. Further, at oral argument on the motion, plaintiff's counsel stated, "ORS 31.[150(2)] identifies the type of speech that are protected under the Oregon anti-SLAPP statute and a particular issue here today is (2)(a) and (2)(b)." He summarized the text of paragraphs (a) and (b), then further stated: "And that's the scope of this speech at issue today. There's a couple others that aren't at issue here today." Because counsel provided no argument as to how paragraph (d) applied and explicitly indicated that it was not at issue, we conclude that plaintiff did not preserve the argument he now raises regarding the applicability of paragraph (d) to this matter. *Peeples v. Lampert*, 345 Or 209, 219-20, 191 P3d 637 (2008) (noting the policies underlying preservation, including that the opposing party have the opportunity to respond to a contention and giving the trial court the chance to consider and rule on an argument).

Plaintiff has also not requested plain error review as it pertains to paragraph (d), and we therefore do not address it. *State v. Ardizzone*, 270 Or App 666, 673, 349 P3d

597, *rev den*, 358 Or 145 (2015) ("[W]e ordinarily will not proceed to the question of plain error unless an appellant has explicitly asked us to do so because 'it is incumbent upon the appellant to explain to us why an error satisfies the requisites of plain error and, further, why we should exercise our discretion to correct that error.'" (Quoting *State v. Tilden*, 252 Or App 581, 589, 288 P3d 567 (2012).)). We therefore limit our discussion to the applicability of paragraphs (a) and (b).

Whether a lawsuit challenging the recording of a lien is subject to a special motion to strike under ORS 31.150(2)(a) or (b) requires interpretation of the statute, a question of law that we review for legal error. *Dept. of Human Services v. Lindsey*, 324 Or App 312, 317, 525 P3d 470 (2023). In construing a statute, we examine the text of the statute in context, and considering any useful legislative history. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009).

As noted above, paragraphs (a) and (b) provide protection for statements made or documents submitted "in a legislative, executive or judicial proceeding or other proceeding authorized by law" or "in connection with an issue under consideration or review by a legislative, executive or judicial body or other proceeding authorized by law." ORS 31.150(2)(a), (b).

Plaintiff asserts that its act of recording the construction lien in a county recorder's office is protected by ORS 31.150(a) and (b) because the recording process is an "other proceeding authorized by law" and because the filing of a lien is a necessary prerequisite to an eventual foreclosure action, which is a "judicial proceeding." Defendants maintain that no proceeding was pending when the lien was recorded, so it was not submitted in any proceeding.

Initially, we reject plaintiff's argument that the lien recording was submitted in a judicial proceeding. In *Baldwin v. Seida*, we interpreted the phrase "submitted in a judicial proceeding" to mean "statements that are sent for consideration or presented for use in a court proceeding or a proceeding initiated to procure an order, decree, judgment, or similar action." 297 Or App 67, 74, 441 P3d 720, *rev den*,

365 Or 769 (2019). In that case, we held that a writ of garnishment was not protected under ORS 31.150(2)(a) or (b) because "the issuance and receipt of a writ of garnishment does not elicit, require, or call for any action by the court, although it issues pursuant to the authority of the court." *Id.* at 75. We explained that the purpose of the writ was to effect payment of a debt that had already been established, and noted that several possible outcomes could stem from the writ that did not call on the court to act. *Id.* We concluded that "nothing in the issuance or delivery of a writ itself seeks court consideration or action." *Id.*

Similarly here, the recording of a construction lien does not seek any court consideration or action. While it is a necessary precursor to a lienholder eventually filing a foreclosure action, the recording itself does not initiate any action before the court, and multiple further steps are required prior to foreclosure, allowing for the possibility that no judicial proceeding is ever initiated. *See* ORS 87.055 (limiting the duration of a lien); ORS 87.057 (required notice of intent to foreclose); ORS 87.060 (foreclosure process).

Plaintiff relies primarily on a California Court of Appeal case, *RGC Gaslamp, LLC v. Ehmcke Sheet Metal Co., Inc.*, 270 Cal Rptr 3d 425, 56 Cal App 5th 413 (2020), in which the California intermediate court concluded that the filing of a mechanic's lien was a prelitigation statement preparatory to filing a judicial proceeding (a foreclosure action), and thus was subject to a special motion to strike under California's anti-SLAPP statute, upon which Oregon's statute was modeled. We decline to follow the reasoning of *RGC Gaslamp* for a number of reasons. First, as discussed above, our own case law, *Baldwin*, indicates a contrary result. Second, as we have previously stated, "what our statute means turns on what the Oregon legislature understood in 2001 when it enacted ORS 31.150. While the legislature intended to follow the California cases that existed in 2001, California cases decided after 2001 are relevant, at most, only for their persuasive value." *Handy v. Lane County*, 360 Or 605, 623 n 12, 385 P3d 1016 (2016). Having been decided by the California intermediate court nearly 20 years after the enactment of the Oregon statute, *RGC Gaslamp* carries little weight in

our analysis. Finally, *RGC Gaslamp* is largely rooted in the California Supreme Court case *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal 4th 1106, 969 P2d 564 (1999). *Briggs* concluded that statements made in anticipation of litigation were entitled to the benefit of California's anti-SLAPP protection. *Id.* at 1115, 969 P2d at 569. However, we have previously cast doubt on whether *Briggs* extends to our interpretation of ORS 31.150, and have noted later California cases that have narrowed the rationale of *Briggs*:

> "In California, under a part of its anti-SLAPP statute that is identically-worded to ORS 31.150(2)(b), the California Supreme Court has concluded that anti-SLAPP protection extends to statements made preparatory to or in anticipation of litigation. *Briggs v. Eden Counsel for Hope & Opportunity*, 19 Cal 4th 1106, 1115, 969 P2d 564, 569 (1999) (citing *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*, 47 Cal App 4th 777, 784, 54 Cal Rptr 2d 830, 835, *rev den* (1996)). The court's conclusion in that respect was based on California's statutory litigation privilege, *id.*, which covers statements 'reasonably related' to pending or contemplated litigation that are made 'in anticipation of litigation "contemplated in good faith belief and under serious consideration."' *Neville v. Chudacoff*, 160 Cal App 4th 1255, 1268, 73 Cal Rptr 3d 383, 393, *rev den* (2008). However, the California Supreme Court has also clarified that the anti-SLAPP protections and the litigation privilege are not co-extensive because they are not substantively the same nor do they serve the same purposes. *Flatley v. Mauro*, 39 Cal 4th 299, 323-24, 139 P3d 2, 18 (2006).

> "As a result, although California courts have used the litigation privilege as an aid in construing the scope of protected petitioning activity under its anti-SLAPP statute, the inquiry of California courts in such matters remain focused on whether the claims against which a special motion to strike is brought *arose from* protected petitioning activity, and not on the test used to apply the litigation privilege. *See Kolar v. Donahue, McIntosh & Hammerton*, 145 Cal App 4th 1532, 1537, 52 Cal Rptr 3d 712, 716 (2006), *rev den* (2007) ('Although a party's litigation-related activities constitute "act[s] in furtherance of a person's right of petition or free speech," it does not follow that any claims associated with those activities are subject to the anti-SLAPP statute. To qualify for anti-SLAPP protection, the

> moving party must demonstrate the claim "arises from" those activities.')."

*Deep Photonics*, 282 Or App at 544-45. We are thus comfortable concluding that *RGC Gaslamp*, applying *Briggs*, is not particularly persuasive in our analysis.

Therefore, consistent with *Baldwin*, we conclude that the recording of a construction lien is not a written statement submitted in a judicial proceeding or in connection with an issue under consideration or review by a judicial body.

We finally consider whether a lien recording is a written statement submitted in an "other proceeding authorized by law" or in connection with an issue under consideration by an "other proceeding authorized by law." Beginning with the text, we consider "authorized by law" to be a self-explanatory phrase; however, we examine dictionary definitions and the context of the statute to determine the meaning of "proceeding." *Webster's* defines "proceeding" as "a : a particular way of doing or accomplishing something *** b : a particular action or course of action *** c : a particular step or series of steps adopted for doing or accomplishing something." *Webster's Third New Int'l Dictionary* 1807 (unabridged ed 2002). *See also American Heritage Dictionary of the English Language* 1404 (5th ed 2011) ("A course of action; a procedure."). Other definitions relate the term more specifically to the legal arena or other official fields. *See Webster's* at 1807 ("e (1) *** the course of procedure in a judicial action or in a suit in litigation : legal action *** (2) : a particular action at law or case in litigation"); *American Heritage* at 1404 ("4. *Law* a. *** Legal action; litigation; b. *** The activities and hearings of a legal body or administrative agency. c. The institution or pursuance of legal action."). In addition to including the acts involved in a formal lawsuit (which we consider to be covered through the inclusion of "judicial proceeding" earlier in the statute), *Black's Law Dictionary* defines "proceeding" as including "2. Any procedural means for seeking redress from a tribunal or agency. 3. An act or step that is part of a larger action. 4. The business conducted by a court or other official body; a hearing." *Black's Law Dictionary* 1459 (12th ed 2024).

In the context of the rest of the statutory clause, we conclude that the "other proceeding" must be similar to the legislative, executive, or judicial proceedings covered, and include some process where an action is being sought or a decision must be made. As in *Baldwin*, where we concluded that a "judicial proceeding" included actions that were initiated to procure an order, decree, judgment, or similar action, we interpret "other proceeding authorized by law" to extend to processes involving the consideration of issues, making decisions, or a means for seeking a particular outcome or action.

Our interpretation is consistent with the legislative history of Oregon's enactment of the anti-SLAPP statute. As we have discussed before, the anti-SLAPP statute was enacted in 2001 "to permit a defendant who is sued over certain actions taken in the public arena to have a questionable case dismissed at an early stage." *Staten*, 222 Or App at 27. The concern and purpose of the legislation was to address frivolous attempts to use litigation to quash the exercise of First Amendment rights. *Cider Riot, LLC v. Patriot Prayer USA, LLC*, 330 Or App 354, 358, 544 P3d 363 (2024). The vast majority of the examples of SLAPP suits cited to the legislature involved the silencing of individual participation in decision-making processes, including in land use, city planning, and school board policy. *See, e.g.*, Testimony, Senate Committee on Judiciary, HB 2460, May 15, 2001, Ex S (statement of Larry DeBates, Chair, Land Conservation and Development Commission Citizen Involvement Advisory Committee) (compiling examples of SLAPP suits); Ex W (Department of Land Conservation and Development Communications and Public Affairs Program, *How to Keep the People in Planning: A Legislative History of the Oregon Experience in Limiting SLAPPs*); Ex Y (statement of Merilyn B. Reeves, President, Friends of Yamhill County). The emphasis on protecting the rights of individuals to participate in decisions without the threat of cumbersome litigation supports our conclusion that the reference to "other proceedings authorized by law" was intended to cover deliberative processes where some decision is required or an issue is considered by a body, with some action being possible. Plaintiff's interpretation of "proceeding" as including

any particular way of doing or accomplishing something authorized by law would result in anti-SLAPP protection being extended to any statement made in connection with any process established by law. We do not consider that construction to be consistent with the intent of the legislature at the time of the enactment of ORS 31.150.

With that definition of "other proceeding" in mind, we readily conclude that the recording of a lien does not qualify as a statement made in an "other proceeding" authorized by law or in connection with an issue under consideration in such a proceeding. When plaintiff recorded its lien, there was no decision pending, no body engaging in deliberations, and no action being sought by any party, and the recording of the lien did not initiate any such proceeding. Despite the recording of the lien being a step required by law if plaintiff wanted to initiate a foreclosure proceeding in the future, at the time of the recording itself no proceeding existed, and, as discussed above, nor was it a given that a proceeding would occur. Therefore, plaintiff did not meet its burden of demonstrating that defendants' counterclaim arose out of a statement, document or conduct described in ORS 31.150(2). The trial court did not err in denying plaintiff's special motion to strike.

Affirmed.