GARRETT, J.
*546 *520 Plaintiff, an unsuccessful candidate in the 2016 primary election for state representative, brought this action alleging that, during that campaign, defendants published false statements about plaintiff's prior sexual relationship with a legislative aide. Plaintiff alleged claims for common-law defamation and for violation of ORS 260.532 (prohibiting certain false publications concerning a candidate). In response, defendants filed a special motion to strike under ORS 31.150, the "anti-SLAPP" statute. The trial court entered a limited judgment denying the motion, and defendants appeal.
Defendants raise four assignments of error. The first assignment, which is dispositive, is that the trial court erred in denying the anti-SLAPP motion because plaintiff failed to carry his burden of showing a probability that he would succeed on his claims. Applying the test for review of an anti-SLAPP motion that the Supreme Court articulated in Handy v. Lane County , 360 Or. 605, 385 P.3d 1016 (2016), which was issued after the trial court's ruling in this case, we agree with defendants that plaintiff did not meet his burden, and that the trial court therefore erred in denying defendants' motion.[1] Accordingly, we reverse and remand.
We take the following facts from the pleadings and from the supporting and opposing affidavits submitted to the trial court, ORS 31.150(4), and we state them in the light most favorable to plaintiff. Mullen v. Meredith Corp. , 271 Or. App. 698, 702, 353 P.3d 598 (2015).
Plaintiff served as a state representative from House District 26 after being elected in 2008 and reelected in 2010. In 2012, Berrier, a former legislative aide in plaintiff's office, alleged that, when she was 20 years old and working for plaintiff, plaintiff had "pressured" her into having a sexual relationship with him. Those allegations were reported in the media. Plaintiff publicly admitted the *521 sexual relationship, which he described as "consensual," further stating that, in "hindsight, [he] should not have entered into the relationship." Plaintiff did not seek reelection in 2012.
In 2016, plaintiff declared his candidacy to again represent House District 26, joining two other candidates in the Republican primary. During the primary campaign, defendants, who opposed plaintiff's candidacy, sent multiple mailers to households in the district that included the following statements:
• "[Plaintiff] is a former state representative who left office in shame after pressuring at least one young staff member into drinking alcohol and having sex with him.
• "[Plaintiff] left office in disgrace because he *** pressured a twenty-year-old staff member into a sexual relationship.
• "[Plaintiff] resigned from his leadership position in the legislature and did not run for re-election four years ago after it became public that he had pressured at least one staffer into having sex."
Plaintiff lost the primary election in May. In June 2016, he brought this action alleging that defendants' statements were defamatory and violated ORS 260.532, which prohibits publications made "with knowledge or with reckless disregard that [the publication] contains a false statement of material fact relating to any candidate, political committee or measure."
Defendants responded by filing a special motion to strike under ORS 31.150, the "anti-SLAPP" statute. That statute provides *547 a mechanism for "a defendant who is sued over certain actions taken in the public arena to have a questionable case dismissed at an early stage." Yes on 24-367 Committee v. Deaton , 276 Or. App. 347, 350, 367 P.3d 937 (2016) (internal quotation marks omitted). When a defendant files a special motion to strike under ORS 31.150, the trial court must apply a two-step burden-shifting process. First, the court must determine whether the defendant has met its burden of showing that "the claim against which the motion is made arises out of" statements or conduct *522 protected by ORS 31.150(2).[2] Second, if the defendant meets that burden, then the burden shifts to the plaintiff "to establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie case. If the plaintiff meets this burden, the court shall deny the motion." ORS 31.150(3).
In support of their special motion to strike, defendants included newspaper articles discussing Berrier's allegations and plaintiff's responses. Plaintiff responded to the motion with declarations from himself and other individuals testifying to the "consensual" nature of the relationship with Berrier.
The trial court ruled that defendants had carried their initial burden of showing that plaintiff's claims "arise out of" statements protected by ORS 31.150(2). The court further ruled, however, that plaintiff had carried his burden "by submitting substantial evidence in the form of pleadings and supporting affidavits" to establish a prima facie claim for defamation. This appeal followed.
On appeal, the first step of the two-step burden-shifting framework under ORS 31.150 is not at issue. That is, there is no dispute that defendants' statements about plaintiff fall within the protective scope of ORS 31.150(2) because they were made "in furtherance of" defendants' constitutional right to speak about plaintiff's candidacy for public office. This appeal solely concerns the second step-i.e. , whether plaintiff carried his burden to show a probability that he would succeed on his claims. As explained below, we conclude that plaintiff did not.
*523 The trial court made its ruling in this case before the Supreme Court decided Handy , which clarified the requirements for a plaintiff seeking to survive an anti-SLAPP motion. In Handy , the court held that the requirement in ORS 31.150(3) that a plaintiff present "substantial evidence to support a prima facie case" means that a plaintiff "must submit sufficient evidence from which a reasonable trier of fact could find that the plaintiff met its burden of production." 360 Or. at 622-23, 385 P.3d 1016 ("In using terms like 'probability' and 'substantial evidence,' the legislature did not intend to require a plaintiff to do more than meet its burden of production. Conversely, the legislature did not intend that a plaintiff could avoid a special motion to strike by doing less than that."). Thus, in Handy , the court held that the plaintiff had failed to carry his burden because he had failed to present evidence from which a reasonable trier of fact could find that the plaintiff had established the elements of his claims. Id. at 627, 385 P.3d 1016.
With the Handy standard in mind, we turn to whether plaintiff in this case met his burden to present evidence from which a reasonable trier of fact could find that plaintiff proved his claims of defamation and violation of ORS 260.532. To prevail on a common-law claim for defamation, a plaintiff must show that, among other things, (1) the defendant made a defamatory statement about the plaintiff and (2) the defendant published that statement to a third party. Neumann v. Liles , 358 Or. 706, 711, 369 P.3d 1117 (2016). Further, the parties agree that, *548 because plaintiff was a public figure when defendants' statements were made, he can prevail only by proving actual malice-that is, that defendants acted with "knowledge of falsity or reckless disregard of truth." Bank of Oregon v. Independent News , 298 Or. 434, 441-42, 693 P.2d 35 (1985) ; see also New York Times Co. v. Sullivan , 376 U.S. 254, 279-80, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). Similarly, under ORS 260.532, plaintiff must prove that defendants acted with "knowledge or with reckless disregard" that their statements were materially false.
The alleged "falsity" in defendants' statements is the word "pressured." Plaintiff does not deny that the sexual relationship existed; he contends, rather, that defendants *524 defamed him by asserting that he "pressured" Berrier into the relationship. For purposes of the response to defendants' anti-SLAPP motion, however, the problem is that plaintiff has failed to present sufficient evidence from which a reasonable factfinder could find that defendants knew that those assertions (including the description of the relationship as "pressured") were false (or acted with reckless disregard as to their falsity) at the time that defendants published their statements. We understand the trial court to have reasoned that plaintiff's affidavits constituted some evidence to support the element of actual malice and were thus sufficient to meet plaintiff's anti-SLAPP burden. Regardless of whether the trial court's reasoning would have been correct before Handy , it fails under Handy because no reasonable factfinder could infer actual malice from that evidence alone. Accordingly, plaintiff failed to establish his prima facie case, as is required.
Reversed and remanded.

That conclusion obviates the need to discuss defendants' other assignments of error.

"SLAPP" stands for "Strategic Lawsuits Against Public Participation." Young v. Davis , 259 Or. App. 497, 499, 314 P.3d 350 (2013). ORS 31.150(2) provides, in relevant part:
"(2) A special motion to strike may be made under this section against any claim in a civil action that arises out of:
"* * * * *
"(c) Any oral statement made, or written statement or other document presented, in a place open to the public or a public forum in connection with an issue of public interest; or
"(d) Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."