HADLOCK, J.
*243 Plaintiff appeals the trial court's limited judgment denying plaintiff's special motion to strike pursuant to ORS 31.150. See ORS 31.150(1) ("If the court denies a special motion to strike, the court shall enter a limited judgment denying the motion."). Specifically, defendant, in her answer to plaintiff's complaint, filed a counterclaim for defamation against plaintiff.[1] In response, plaintiff filed a special motion to strike the counterclaim under ORS 31.150, the "anti-SLAPP" statute.[2] The trial court entered a limited judgment *749 denying the motion, and plaintiff appeals, asserting that the court erred in denying his motion to strike the counterclaim. As explained below, we conclude that the court erred in denying the motion and, therefore, reverse the limited judgment.
Under the anti-SLAPP statute, a party who "is sued over certain actions taken in the public arena [may] have a questionable case dismissed at an early stage." Yes on 24-367 Committee v. Deaton , 276 Or. App. 347, 350, 367 P.3d 937 (2016) (internal quotation marks omitted). When a party files a special motion to strike under ORS 31.150, "the trial court must apply a two-step burden-shifting process." Wingard v. Oregon Family Council, Inc. , 290 Or. App. 518, 521, 417 P.3d 545 (2018). First, the court must determine whether the party filing the motion has met its burden of showing that the claim arises out of statements or conduct protected by ORS 31.150(2).[3] Once that burden is met, the *244 burden shifts to the party bringing the claim "to establish that there is a probability that [the party] will prevail on the claim by presenting substantial evidence to support a prima facie case." ORS 31.150(3). If the party bringing the claim meets that burden, the court must deny the special motion to strike. Id.
Here, in response to defendant's counterclaim for defamation, plaintiff filed a special motion to strike pursuant to ORS 31.150. Plaintiff asserted that defendant's claim arose out of "a written statement in a place open to the public or a public forum in connection with an issue of public interest." See ORS 31.150(2)(c). Plaintiff further asserted that defendant had "not set forth a potentially viable case against" him; plaintiff attached an affidavit and exhibits in support of his special motion to strike. Defendant filed two responses in opposition to plaintiff's motion and declaration.[4] She did not attach any affidavit or declaration to either of those responses to the motion, nor did she later file an affidavit or declaration that referenced the special motion to strike.[5] At the hearing on the motion, the trial court stated that it was not holding an evidentiary hearing, and that, for purposes of the special motion to strike, the *245 facts would be established through the pleadings and supporting affidavits and declarations.[6]
Following the hearing, the court issued a letter opinion in which it addressed plaintiff's special motion to strike. With respect to the question whether plaintiff had met his burden of demonstrating that the counterclaim arose out of conduct covered by ORS 31.150, the court concluded that he had, and that ORS 31.150(2)(c) applied. That is, the court concluded that the counterclaim related to a statement made "in a place open to the public or a public forum in connection with an *750 issue of public interest." ORS 31.150(2)(c). Having concluded that plaintiff had met his burden at the first step of the analysis, the court explained that the burden shifted to defendant to establish a substantial probability that she would prevail by presenting "substantial evidence to support a prima facie case." Those conclusions are not at issue on appeal.
With respect to the question whether defendant had met her burden to establish a substantial probability that she would prevail, the court noted that defendant had opposed the motion to strike in writing and at the hearing. It also noted that defendant had not submitted "an affidavit or declaration in support of her position" and that the hearing on the motion had not been "an evidentiary hearing whereby the parties [were] allowed to provide oral testimony." However, the court took the view that, under ORS 31.150, defendant was not required to "file affidavits or declarations" and, based on that understanding, the court denied plaintiff's special motion to strike, ruling that defendant's counterclaim was "not frivolous." As required by ORS 31.150(1), the court then entered a limited judgment denying the motion.
Plaintiff appeals the limited judgment, asserting that the trial court erred in denying the special motion to strike. The sole issue on appeal is whether the court erred *246 in ruling that defendant carried her burden to show a probability that she would prevail on her counterclaim by presenting "substantial evidence to support a prima facie case" and in, therefore, denying the motion. See Wingard , 290 Or. App. at 522, 417 P.3d 545 (observing that the sole issue on appeal was "whether plaintiff carried his burden to show a probability that he would succeed on his claims" (emphasis in original)). Plaintiff asserts that "defendant failed to provide the trial court with substantial (or any) evidence to support a prima facie case" of defamation. Defendant responds, in part, that the statute did not require her to "present [her] argument by an affidavit or a declaration."
As noted, pursuant to ORS 31.150(3), once plaintiff met his burden to make a prima facie showing that the claim against which his motion was made fell within sub-section (2) of the statute, the burden shifted to defendant to establish that there was a probability that she would "prevail on the claim by presenting substantial evidence to support a prima facie case." In determining whether defendant had established that there was a probability that she would prevail on the claim, the trial court was required to "consider pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based." ORS 31.150(4). As the Supreme Court explained in Handy v. Lane County , 360 Or 605, 622-23, 385 P.3d 1016 (2016), the requirement in ORS 31.150(3) that a party present "substantial evidence to support a prima facie case" means that the party "must submit sufficient evidence from which a reasonable trier of fact could find that the [party] met its burden of production."[7] In other words, for the court to properly deny the motion, defendant must have met her burden "to present evidence from which a reasonable trier of fact could find that [defendant] proved [her] claim[ ] of defamation." Wingard , 290 Or. App. at 523, 417 P.3d 545 (emphasis added); see also Handy , 360 Or. at 623, 385 P.3d 1016 (in ORS 31.150"the legislature did not intend to require a plaintiff to do more than meet its burden of production," and, conversely, it "did not intend that a *247 plaintiff could avoid a special motion to strike by doing less than that").[8]
Thus, to meet her burden in this case, defendant was required to present some evidence to support her counterclaim and could not rely solely on pleadings or written argument.
*751 [9] The trial court, however, mistakenly believed that the terms of the statute did not require defendant to submit any affidavit or declaration-that is, any evidence-in support of her counterclaim, and it denied the special motion to strike based on that mistaken understanding of the law. Because, here, defendant failed to submit any "evidence from which a reasonable trier of fact could find that [she] met [her] burden of production," Handy , 360 Or. at 622-23, 385 P.3d 1016, the trial court erred in denying the special motion to strike.
Limited judgment reversed and remanded with instructions to grant plaintiff's ORS 31.150 special motion to strike defendant's counterclaim for libel per se .

The only counterclaim at issue is defendant's first counterclaim for "libel per se." Although defendant raised several other counterclaims, as noted in the order on the special motion to strike, the trial court granted "plaintiff's motion to dismiss counterclaims 2, 3, 4, and 5," and those counterclaims were no longer at issue at the time that the court ruled on the special motion to strike. Accordingly, although the special motion to strike had been directed at both defendant's first and second counterclaims, the court, in addressing the motion, limited its "consideration to only defendant's first counterclaim."

"SLAPP" stands for "Strategic Lawsuits Against Public Participation." Young v. Davis , 259 Or. App. 497, 499, 314 P.3d 350 (2013).

ORS 31.150(2) provides, in relevant part:
"A special motion to strike may be made under this section against any claim in a civil action that arises out of:
"* * * * *
"(c) Any oral statement made, or written statement or other document presented, in a place open to the public or a public forum in connection with an issue of public interest; or
"(d) Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."

Defendant first filed a reply to plaintiff's declaration in support of his motion and then, two days later, filed "objections and reply" to the special motion to strike.

Approximately two months after she filed her responses to the special motion to strike, defendant filed an "affidavit" and a "declaration." Neither of those documents indicated that it was in response to or in support of her opposition to the special motion to strike. The trial court, in its letter opinion on the motion to strike, observed that defendant had not submitted "an affidavit or declaration in support of her position." Defendant later filed an objection, in part, pointing out the "affidavit" and declaration that she filed months after the responses in opposition were submitted. The trial court entered an order rejecting defendant's objection and explaining that (1) the so-called affidavit (which was a letter from a third party) did not qualify as an affidavit, (2) the documents in question did not reference plaintiff's special motion to strike, and (3) in any event, none of the documents referenced in the objection refuted any of the arguments made in plaintiff's special motion to strike.

We observe that, at the hearing, the court specifically asked defendant to identify any written documents that she had filed in response to the special motion to strike. She identified only her replies in opposition to the motion, filed at the "end of January."

The trial court in this case made its ruling before the Supreme Court decided Handy , "which clarified the requirements for a [party] seeking to survive an anti-SLAPP motion." Wingard , 290 Or. App. at 523, 417 P.3d 545.

As we observed in Wingard ,
"[t]o prevail on a common-law claim for defamation, a plaintiff must show that, among other things, (1) the defendant made a defamatory statement about the plaintiff and (2) the defendant published that statement to a third party."
290 Or. App. at 523, 417 P.3d 545.

Defendant has not cogently argued that she would be entitled to prevail as a matter of law even if the trial court accepted as true all of plaintiff's evidence. Accordingly, we do not address whether such an argument could succeed under ORS 31.150.