Argued and submitted February 11, 2021, reversed and remanded
March 16, 2022

Ajay MOHABEER,
*Plaintiff-Respondent,*

*v.*

FARMERS INSURANCE EXCHANGE,
a corporation;
Mid-Century Insurance Company, a corporation;
Truck Insurance Exchange, a corporation;
Coast National Insurance Company, a corporation;
21st Century Centennial Insurance Company, a corporation;
Farmers Insurance Company of Washington, a corporation;
Farmers Insurance Company of Oregon, a corporation;
21st Century Pacific Insurance Company, a corporation;
21st Century Insurance Company, a corporation;
Cole, Wathen, Leid & Hall, P.C., a corporation;
and Ryan J. Hall,
*Defendants-Appellants.*

Multnomah County Circuit Court
18CV58678; A172057

508 P3d 37

Plaintiff brought this action for wrongful use of civil proceedings, alleging that defendant insurance companies filed insurance fraud claims against plaintiff in federal court with malicious intent and without probable cause. Defendants filed a special motion to strike plaintiff's claims under ORS 31.150, Oregon's Anti-Strategic Lawsuits Against Public Participation (anti-SLAPP) statute, contending that plaintiff's claims seek damages for conduct that is protected under ORS 31.150(2), and that plaintiff could not present substantial evidence to support a *prima facie* case, as required by ORS 31.150(3). Defendants appeal from the trial court's limited judgment denying the motion, assigning error to the trial court's ruling that plaintiff had met his burden to establish a probability that he would prevail on his claim. *Held*: The Court of Appeals concluded that there was evidence in the record that defendants had probable cause to name plaintiff as a defendant in the underlying action. Although plaintiff disputed that evidence, he did not rebut it with evidence to support his position. The Court of Appeals therefore held that plaintiff did not meet his burden under ORS 31.150(3) to present *prima facie* evidence of a lack of probable cause, and that the trial court erred as a matter of law in denying defendants' special motion to strike.

Reversed and remanded.

Christopher J. Marshall, Judge.

Timothy W. Snider argued the cause for appellants Farmers Insurance Exchange, Mid-Century Insurance Company, Truck Insurance Exchange, Coast National Insurance Company, 21st Century Centennial Insurance Company, Farmers Insurance Company of Washington, Farmers Insurance Company of Oregon, 21 Century Pacific Insurance Company, and 21st Century Insurance Company. Also on the briefs were Stephen H. Galloway and Stoel Rives LLP.

George Steven Pitcher argued the cause for appellants Cole Wathen Leid & Hall, P.C., and Ryan J. Hall. Also on the briefs were Rachel A. Robinson, David C. Campbell, and Lewis Brisbois Bisgaard & Smith LLP.

William T. Webb, California, argued the cause for respondent. Also on the brief were J. William Savage, J. William Savage, P. C., and Webb Legal Group.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

POWERS, J.

Reversed and remanded.

**POWERS, J.**

Plaintiff brought this action against nine insurance company defendants (collectively Farmers) and Farmers' attorneys, Cole, Wathen, Leid & Hall, P.C., and Ryan J. Hall, for wrongful use of civil proceedings, alleging that defendants filed insurance fraud claims against plaintiff in federal court, which were ultimately settled, but which were brought with malicious intent and without probable cause. Defendants filed a special motion to strike the claims under ORS 31.150, Oregon's Anti-Strategic Lawsuits Against Public Participation (anti-SLAPP) statute, contending that plaintiff's claims seek damages for conduct that is protected under ORS 31.150(2), and that plaintiff could not present substantial evidence that he would prevail on his claim. Defendants appeal from the trial court's limited judgment denying the motion, assigning error to the trial court's ruling that plaintiff had met his burden to establish a probability that he would prevail on his claim. We conclude that the trial court erred in denying the special motion to strike and therefore reverse the limited judgment and remand for entry of a judgment dismissing plaintiff's claim.

We provide some background concerning the special motion to strike. ORS 31.150(1) provides:

"A defendant may make a special motion to strike against a claim in a civil action described in subsection (2) of this section. The court shall grant the motion unless the plaintiff establishes in the manner provided by subsection (3) of this section that there is a probability that the plaintiff will prevail on the claim. The special motion to strike shall be treated as a motion to dismiss under ORCP 21 A but shall not be subject to ORCP 21 F. Upon granting the special motion to strike, the court shall enter a judgment of dismissal without prejudice. If the court denies a special motion to strike, the court shall enter a limited judgment denying the motion."

Four categories of claims are subject to a special motion to strike:

"A special motion to strike may be made under this section against any claim in a civil action that arises out of:

"(a)   Any oral statement made, or written statement or other document submitted, in a legislative, executive or judicial proceeding or other proceeding authorized by law;

"(b)   Any oral statement made, or written statement or other document submitted, in connection with an issue under consideration or review by a legislative, executive or judicial body or other proceeding authorized by law;

"(c)   Any oral statement made, or written statement or other document presented, in a place open to the public or a public forum in connection with an issue of public interest; or

"(d)   Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."

ORS 31.150(2).

A defendant making a special motion to strike has the initial burden to make a *prima facie* showing that the plaintiff's claim is of the type described in ORS 31.150(2). ORS 31.150(3). If the defendant meets that burden, "the burden shifts to the plaintiff in the action to establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie case." *Id*. The court's role at that juncture is not to weigh the evidence but to determine whether the plaintiff has presented substantial evidence in support of a *prima facie* case on the claim. *Young v. Davis*, 259 Or App 497, 314 P3d 350 (2013). If the plaintiff presents evidence to support a *prima facie* case, the court must deny the special motion to strike.

Pursuant to ORS 31.150(4), "[i]n making a determination under subsection (1) of this section, the court shall consider pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based." In considering the facts described in affidavits or declarations submitted by the parties, the court views the record in the light most favorable to the plaintiff. *Mullen v. Meredith Corp.*, 271 Or App 698, 702, 353 P3d 598 (2015). We review a trial court's ruling on a special motion to strike for legal error, viewing the evidence and drawing all reasonable

inferences in the light most favorable to the plaintiff. *Plotkin v. SAIF*, 280 Or App 812, 815, 385 P3d 1167 (2016), *rev den*, 360 Or 851 (2017).

Plaintiff is a licensed medical doctor who practiced medicine in association with First Choice Chiropractic clinics. In 2013, defendants filed several claims in federal court naming as defendants First Choice Chiropractic clinics, plaintiff, and several other individuals, based on allegations that the clinics and individual defendants had committed insurance fraud by making "false reports of alleged symptoms and exaggerated findings designed to make it appear that the patient either had or continued to have injuries/symptoms which did not actually exist."[1] Plaintiff and the other named defendants sought summary judgment in the underlying action, and the federal district court granted the motion on some claims but denied it in part as to several of the claims, finding that there was evidence of conduct by plaintiff and the other named defendants that gave rise to genuine issues of fact on those claims.[2] Farmers and plaintiff subsequently settled Farmers' remaining claims against plaintiff in the underlying action and stipulated that plaintiff would be considered the prevailing party.

Plaintiff then brought this action for wrongful use of civil proceedings, alleging that Farmers named plaintiff as a defendant in the underlying action without a basis in fact so that Farmers could allege racketeering claims, for which Farmers would be entitled to treble damages and attorney fees. Plaintiff alleged that he was named as a defendant without probable cause and with malicious intent. Defendants filed their special motions to strike under ORS 31.150 and, after a hearing, the trial court determined that plaintiff had presented substantial evidence to support a

---

[1] Farmers alleged claims against First Choice, plaintiff, and other individual defendants for common law fraud; violations of the federal Racketeer Influenced and Corrupt Organization Act (RICO); violations of Oregon's Racketeer Influenced and Corrupt Organization Act (ORICO); violations of Oregon's Unlawful Trade Practices Act (UTPA); unjust enrichment; and declaratory relief.

[2] The federal district court denied plaintiff's motion with respect to Farmer's claims of common law fraud, RICO, ORICO, and unjust enrichment, concluding that Farmers had demonstrated genuine issues of material fact on those claims that precluded summary judgment.

*prima facie* case on his claim. The court thus denied the motions by limited judgment.

On appeal, it is undisputed that plaintiff's claim falls within ORS 31.150(2)(b). The allegations of plaintiff's claim are based solely on written statements and documents provided to the federal court in the context of the underlying action. The only dispute on appeal concerns whether plaintiff has met his burden to present *prima facie* evidence as to each element of his claim of wrongful use of civil proceedings.

One element of the claim of wrongful use of civil proceedings is an absence of probable cause to prosecute the underlying action. *Roop v. Parker Northwest Paving Co.*, 194 Or App 219, 237-38, 94 P3d 885 (2004), *rev den*, 338 Or 374 (2005).[3] "Probable cause" means that the person initiating the underlying action "reasonably believes" that there is a good chance of prevailing, *viz.*, the person "has that subjective belief and that belief is objectively reasonable." *Id*. at 238. Defendants assert that plaintiff has not sustained his burden to present *prima facie* evidence that Farmers lacked probable cause to bring the underlying action.

Plaintiff contends that a probable cause determination is premature, because the existence of *prima facie* evidence of a lack of probable cause is a question for the factfinder that necessitates additional discovery. Oregon's anti-SLAPP statute provides "an expedited procedure for dismissal of certain nonmeritorious civil cases without prejudice at the pleading stage." *Neumann v. Liles*, 358 Or 706, 723, 369 P3d 1117 (2016). Plaintiff is correct that, when facts are in dispute, proof of the absence of probable cause in establishing a claim for wrongful use of civil proceeding is a mixed question of law and fact. *Roop*, 194 Or App at 239. In the context of the special motion to strike, however, the existence of *prima facie* proof of the elements of the claim being challenged by the motion is something that the court

---

[3] The elements of a claim for wrongful initiation of a civil proceeding are (1) commencement and prosecution by the defendant of a judicial proceeding against the plaintiff; (2) termination of the underlying proceeding in the plaintiff's favor; (3) absence of probable cause to prosecute the underlying proceeding; (4) malice in initiating the underlying proceeding; and (5) damages. *Roop*, 194 Or App at 237-38.

determines as a matter of law, based on the "pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based." ORS 31.150(4); *Young*, 259 Or App at 509-10. It is, therefore, not premature for the court to decide whether *prima facie* evidence of the elements of the claim has been presented before full discovery or for a party to raise the issue on appeal of the denial of a special motion to strike.

As they argued below, defendants contend that the summary judgment ruling of the federal district court in the underlying action either conclusively establishes that Farmers had probable cause to bring the underlying action or gives rise to a rebuttable presumption of probable cause. In denying plaintiff's and the other named defendants' motions for summary judgment against the claims in the underlying action, the federal district court concluded that Farmers had demonstrated genuine issues of material fact as to whether plaintiff (1) made material misrepresentations, either knowingly or recklessly, by signing off on falsified chart notes; (2) engaged in a pattern of racketeering by committing indictable acts through wire and mail fraud; (3) engaged in a conspiracy to commit racketeering; and (4) was unjustly enriched by fraudulent claims made to Farmers by falsified chart notes. We agree with defendants' argument that that is evidence that the claims brought by defendants in the underlying action were objectively reasonable and based on probable cause. *See Kennedy v. Wackenhut Corp.*, 41 Or App 275, 599 P2d 1126, *modified on recons*, 42 Or App 435, 601 P2d 474 (1979) (granting of the preliminary injunction by federal court in action to enforce a covenant not to compete constituted *prima facie* evidence of probable cause to bring the action).

However, we need not, as defendants request, adopt a categorical rule that the denial of a motion for summary judgment in the underlying litigation conclusively establishes or creates a rebuttable presumption of probable cause. And an extensive discussion of the factual record in this case would not serve the parties, the public, the bench, or the bar. Suffice it to say that, independent of the federal district court's summary judgment ruling in the underlying action, there is ample evidence in the record that defendants had

probable cause to name plaintiff as a defendant in the underlying action, including affidavits of former clinic employees, who described plaintiff's participation in a scheme to overtreat patients and overbill insurance. Plaintiff disputes that evidence but has not rebutted it with evidence to support his position. *See Snook v. Swan*, 292 Or App 242, 247, 423 P3d 747 (2018) (explaining that, in opposing a special motion to strike under ORS 31.150, a party is required to provide "some evidence to support her counterclaim and could not rely solely on pleadings or written argument"); *Young*, 259 Or App at 510 (court may consider a defendant's opposing evidence "to determine if it defeats the plaintiff's showing as a matter of law"). We conclude, therefore, that plaintiff has not met his burden to present *prima facie* evidence of a lack of probable cause, and that the trial court erred as a matter of law in denying defendants' special motion to strike.[4]

Reversed and remanded.

---

[4] In view of our conclusion that plaintiff has not presented *prima facie* evidence that defendants brought the underlying action without probable cause, we need not reach defendants' additional contention that plaintiff has failed to present *prima facie* evidence on the element of malice.