344                    March 5, 2025                    No. 175

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

James E. WORLEY,
an individual;
and Lois M. Cole
as Guardian ad litem for Virginia Worley,
*Plaintiffs-Appellants,*

*v.*

Larry LEWIS,
an individual;
and Pioneer Trust Bank, N.A.,
*Defendants-Respondents.*

Marion County Circuit Court
20CV19368; A177518

Daniel J. Wren, Judge.

Argued and submitted December 4, 2024.

Will Riddell argued the cause and filed the briefs for appellants.

Daniel S. Reynolds argued the cause for respondents. Also on the brief was Saalfeld Griggs PC.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Mooney, Senior Judge.

AOYAGI, P. J.

Reversed and remanded.

**AOYAGI, P. J.**

Plaintiff James Worley appeals a general judgment dismissing his claim against defendant Pioneer Trust Bank (the Bank) for wrongful initiation of civil proceedings.[1] The trial court granted summary judgment for the Bank on the ground that issue preclusion prevented plaintiff from proving the "absence of probable cause" element of his claim. On appeal, plaintiff challenges the summary judgment ruling, arguing that the requirements for issue preclusion were not met. As explained below, we conclude that the court erred in granting summary judgment, because the "absence of probable cause" element has both a subjective and an objective component, and the ruling in the prior action is potentially preclusive only as to the objective component. We reverse and remand for further proceedings consistent with this opinion.

## FACTS

Plaintiff and Virginia Worley married in 2007. In 2015, they created a revocable trust as part of their estate planning.

Virginia Worley's adult son, Larry Lewis, came to suspect that plaintiff was taking advantage of his mother financially. In 2017, he initiated legal action. Lewis sought, among other things, an accounting, replacement of plaintiff as trustee of the revocable trust, and appointment of a conservator for his mother. He also asserted a claim of financial elder abuse against plaintiff. Plaintiff moved for summary judgment on the elder abuse claim, arguing that Lewis lacked standing to bring the claim. *See* ORS 124.100(3) (limiting who may bring an action on behalf of a vulnerable person). In response, Lewis petitioned the court to appoint the Bank as conservator for his mother, which the court did. The Bank, acting as conservator, joined in the action, including pleading a financial elder abuse claim against plaintiff that was materially identical to Lewis's dismissed claim. Plaintiff moved for summary judgment on the elder abuse claim, which the trial court denied, concluding that

---

[1] For ease of reference, we refer to James Worley as "plaintiff." However, we acknowledge that Lois Cole as guardian *ad litem* for Virginia Worley is also a plaintiff-appellant in this case. Virginia Worley passed away in 2023.

there was a triable issue of fact as to whether plaintiff had financially abused Virginia Worley.

All of the claims except the elder abuse claim were tried to the court in 2019. The court ruled that the conservator was entitled to an accounting and to additional documents from plaintiff, noting that Virginia Worley needed the conservator to manage any nontrust assets and to "have a role in ensuring that the trust is being administered appropriately for her benefit." However, the court did not find any misappropriation or waste of trust assets by plaintiff, so it did not surcharge him or replace him as trustee. The Bank at that point voluntarily dismissed its elder abuse claim against plaintiff.

All parties sought attorney fees, and the court held a hearing on fees. The Bank requested attorney fees under ORS 125.095, which allows a fee award in a protective proceeding subject to consideration of various factors. The court granted that request, awarding the Bank $27,706.25 in fees to be paid by the protected person. More importantly, plaintiff requested attorney fees against the Bank under ORS 20.105(1), which requires a fee award to the prevailing party "upon a finding by the court *** that there was no objectively reasonable basis for asserting the claim." The court denied that request. It found that the Bank had "an objectively reasonable basis to assert the claim at the outset." It pointed to evidence that plaintiff had "bullied" his wife into giving him access to her previously separate assets and "isolated her"; to Virginia Worley's memory impairment in November 2015 and financial incapacity by April 2018; and to plaintiff's "refusal to permit the court visitor access to the protected person," which "was a highly concerning indicator of elder abuse, as was his refusal to provide requested records." The court also rejected plaintiff's argument that, in the course of the litigation, the Bank ceased to have an objectively reasonable basis to continue pursuing the claim.

Shortly thereafter, in 2020, plaintiff filed this action against the Bank for wrongful initiation of civil proceedings, based on the Bank's elder abuse claim in the trust action. The Bank moved for summary judgment on a single ground. It argued that whether it "had an objective reasonable basis

to initiate its elder abuse claim against [plaintiff] was previously adjudicated" in the trust action, that the finding in the Bank's favor in the trust action should be given preclusive effect, and that doing so meant that plaintiff could not prove the "absence of probable cause" element of his wrongful initiation claim. Plaintiff opposed the motion, arguing that the requirements for issue preclusion were not met. The trial court agreed with the Bank, granted summary judgment, and dismissed plaintiff's claim for unlawful initiation of civil proceedings.

Plaintiff appeals, challenging the summary judgment ruling and resulting dismissal of his claim.

## ANALYSIS

"Issue preclusion arises in a subsequent proceeding when an issue of ultimate fact—or an issue of law—has been determined by a valid and final determination in a prior proceeding." *SPS of Oregon, Inc. v. GDH, LLC*, 258 Or App 210, 219, 309 P3d 178 (2013). The doctrine promotes finality and judicial economy by preventing parties from relitigating issues that were fully addressed in a prior proceeding. *Payne v. Kersten*, 291 Or App 436, 440, 420 P3d 631 (2018).

Five requirements must be met for issue preclusion to apply: (1) the issue in the two proceedings must be identical; (2) the issue must have been actually litigated and essential to a final decision on the merits in the prior proceeding; (3) the party sought to be precluded must have had a full and fair opportunity to be heard on that issue; (4) the party sought to be precluded must have been a party to the prior proceeding; and (5) the prior proceeding must have been the type of proceeding to which courts give preclusive effect. *Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 104, 862 P2d 1293 (1993).

At the summary judgment stage, the trial court may rely on issue preclusion in a manner consistent with the summary judgment standard. A party in a civil action may move "for a summary judgment in that party's favor as to all or any part of any claim or defense." ORCP 47 A; ORCP 47 B. The court is to grant the motion "if the pleadings, depositions, affidavits, declarations, and admissions on file show

that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law." ORCP 47 C. On summary judgment, "issue preclusion applies as a matter of law only if it can be conclusively determined from the record that all the *Nelson* requirements are satisfied." *Johnson & Lechman-Su, P.C. v. Sternberg*, 272 Or App 243, 246, 355 P3d 187 (2015) (internal quotation marks and brackets omitted). We review a summary judgment ruling for errors of law. *Beneficial Oregon, Inc. v. Bivins*, 313 Or App 275, 277, 496 P3d 1104 (2021).

Here, plaintiff asserted a claim for wrongful initiation of civil proceedings. That common-law claim has five elements: (1) commencement and prosecution by the defendant of a judicial proceeding against the plaintiff; (2) termination of the proceeding in the plaintiff's favor; (3) absence of probable cause to prosecute the action; (4) existence of malice; and (5) damages. *Roop v. Parker Northwest Paving Co.*, 194 Or App 219, 237-38, 94 P3d 885 (2004), *rev den*, 338 Or 374 (2005). The Bank moved for summary judgment on the third element. It argued that the attorney fee ruling in the trust case conclusively established that it had an objectively reasonable basis to prosecute the elder abuse claim and that, consequently, applying issue preclusion, plaintiff could not prove an absence of probable cause. The trial court agreed.

On appeal, plaintiff reprises his argument that the issues in the two proceedings are not identical, while the Bank maintains that they are identical. *Nelson*, 318 Or at 104 (first requirement for issue preclusion). We note that, importantly, the issue must be "identical," not just "similar." *Patton v. Mutual of Enumclaw Ins. Co.*, 296 Or App 266, 274, 438 P3d 441, *rev den*, 365 Or 533, *rev den*, 365 Or 657 (2019) (issue preclusion did not apply where the issues, "although similar, were not 'identical'").

To prove wrongful initiation of civil proceedings, the plaintiff must prove, among other things, that the defendant lacked probable cause to prosecute the action. *Roop*, 194 Or App at 238. "Probable cause" in this context "means that the person initiating the civil action reasonably believes that he or she has a good chance of prevailing—that is, he or she

subjectively has that belief and the belief is objectively reasonable." *Id*. (internal quotation marks omitted). The standard thus has both a subjective and an objective component: Did the defendant subjectively believe that the claim had merit? *Id*. at 239. If so, was that belief objectively reasonable? *Id*. at 241. "Once the facts relevant to probable cause are determined, whether the defendants in a wrongful initiation action had probable cause to prosecute the underlying action is a question of law." *Id*. at 239. Given the somewhat confusing use of negatives, we reiterate that, ultimately, what the plaintiff must prove is that the defendant *lacked* probable cause to prosecute the action. And, at summary judgment, what a moving defendant must establish is that there is no path for the plaintiff to prove an absence of probable cause.

The trial court concluded on summary judgment that whether the Bank had probable cause to prosecute the elder abuse claim against plaintiff was an issue that had already been decided in the Bank's favor in the trust action. Recall that the court in the trust action denied plaintiff's petition for attorney fees under ORS 20.105(1), because it found that the Bank had an objectively reasonable basis for asserting the claim.

We agree with plaintiff that whether the Bank had an objectively reasonable basis to assert the elder abuse claim (as relevant to the attorney fee ruling) and whether the Bank had probable cause to prosecute the elder abuse claim (as relevant to the wrongful initiation action) are not identical issues. As previously described, "probable cause" in the wrongful initiation context has two components—subjective and objective. One question is whether the defendant subjectively believed that the claim had merit, and the other question is whether that belief, if held, was objectively reasonable. *Roop*, 194 Or App at 239, 241. In its motion for summary judgment, the Bank incorrectly assumed that if it was objectively reasonable to prosecute the elder abuse claim, then that alone was determinative of the "absence of probable cause" element.

That is legally incorrect. Probable cause "means that the person initiating the civil action reasonably believes

that he or she has a good chance of prevailing—that is, he or she subjectively has that belief *and* the belief is objectively reasonable." *Roop*, 194 Or App at 238 (emphasis added; internal quotation marks omitted); *see also Merrill v. A. R. G.*, 286 Or App 487, 494, 398 P3d 954 (2017) (stating, in the analogous context of a malicious prosecution claim, that the "defendant must have had *both* a reasonable *and* a subjective belief" (emphases added; internal quotation marks and brackets omitted)). Probable cause exists only when both things are true. Thus, at trial, the plaintiff may prove the absence of probable cause by proving *either* that the defendant lacked a subjective belief that the claim had merit, *or* that the defendant subjectively believed that the claim had merit but such belief was objectively unreasonable. And, to prevail on summary judgment, where the burden is on the moving party, the defendant must show that the plaintiff cannot prevail under *either* pathway.

On appeal, seeking to address the subjective belief component of probable cause more directly than it did in the trial court, the Bank argues that the court in the trust action implicitly found that the Bank subjectively believed its claim to have merit. Even if that is true, however, such a finding would not be preclusive in another case, as it was not essential to the court's decision. *See Nelson*, 318 Or at 104 (one requirement for issue preclusion is that the issue was actually litigated and "essential to a final decision on the merits"). A party's subjective belief regarding the merit of its claim is legally irrelevant to fee entitlement under ORS 20.105(1). *Minihan v. Stiglich*, 258 Or App 839, 861-62, 311 P3d 922 (2013) ("[I]t is well established that a party's subjective state of mind is not relevant to our analysis of the propriety of a fee award under ORS 20.105; even bad faith and improper motives are not relevant considerations in determining whether an award of attorney fees is required under ORS 20.105(1)." (Internal quotation marks omitted.)). It follows that any finding that the court made in the trust action regarding the Bank's subjective belief as to the claim's merit was necessarily not essential to its decision.

The trial court therefore erred in granting summary judgment for the Bank on plaintiff's claim based on

the "absence of probable cause" element. The "objectively reasonable basis" issue decided in the trust action and the "probable cause" issue in this action are not identical, because the latter includes a subjective belief component that the former does not. Moreover, even if the ruling in the trust action is preclusive as to the *objective* component of probable cause, that alone did not permit dismissal of plaintiff's claim, because plaintiff could still prove an absence of probable cause by proving that the Bank lacked a *subjective* belief that its elder abuse claim had merit.

If the Bank believes that there is no triable issue on the subjective belief component of probable cause, then nothing in this opinion prevents it from moving for summary judgment on that issue.[2] We express no opinion on whether there is a triable issue on the Bank's subjective belief, based on the existing summary judgment record or otherwise, because that issue is simply not before us in this appeal.

As for whether the ruling in the trust action is preclusive as to the *objective* component of probable cause— such that only the subjective component remains in play— we do not understand that issue to be properly before us as a standalone issue. The trial court granted summary judgment on plaintiff's claim based on the "absence of probable cause" element as a whole, and the parties' arguments on appeal are directed to the role of the subjective component and its relationship to the objective component. The arguments that have been made do not put us in a good position to address the objective component of probable cause on its own, even if it would be proper for us to do so, which is not clear. *See Lindsay v. The Nicewonger Co., Inc.*, 203 Or App 750, 756, 126 P3d 730 (2006) (explaining that we lacked jurisdiction to review a partial grant of summary judgment, where it resolved only one issue regarding a claim, not the entire claim). We also note that neither party has suggested

---

[2] We note that evidence is required to establish that the defendant lacked a subjective belief in the merits of their claim. Otherwise, the only reasonable inference to be made on subjective belief would be that flowing from objective reasonableness. *See Shoemaker v. Selnes et al*, 220 Or 573, 581, 349 P2d 473 (1960) (in the analogous context of malicious prosecution, when there is "no evidence" in the record to support an inference that the defendant lacked a subjective belief in the merits, "the question of defendants' belief is to be determined by the court" by reference to what was objectively reasonable (internal quotation marks omitted)).

that we can, or should, carve out that narrower issue. We therefore express no opinion on whether issue preclusion may be properly applied as to the objective component of probable cause, on its own, and nothing in this opinion should be read as limiting what the parties may argue on that issue on remand.

We reverse the judgment dismissing plaintiff's claim and remand for further proceedings consistent with this opinion.

Reversed and remanded.