604 May 13, 2026 No. 414

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Mary WAGNER,
an individual;
Richard Wagner, an individual;
Yamhill Naturals, LLC,
an Oregon limited liability company;
and Soaring Hill, LLC,
an Oregon limited liability company,
*Plaintiffs-Appellants,*

*v.*

MOMTAZI FAMILY, LLC,
an Oregon limited liability company,
*Defendant-Respondent.*

Yamhill County Circuit Court
24CV15669; A185782

Jennifer K. Chapman, Judge.

Submitted April 15, 2026.

Kevin J. Jacoby, Alyson E. Sneider, and Harrang Long, P. C., filed the brief for appellants.

Matthew A. Sturzen and Mark C. Hoyt filed the brief for respondent.

Before Kamins, Presiding Judge, Lagesen, Chief Judge, and Jacquot, Judge.

KAMINS, P. J.

Affirmed.

**KAMINS, P. J.**

Plaintiffs appeal from the trial court's grant of defendant's anti-SLAPP special motion to strike plaintiffs' claim for wrongful use of a civil proceeding after defendant filed a federal case challenging plaintiffs' cannabis operation. In a single assignment of error, plaintiffs contend that the trial court erred in granting defendant's special motion to strike because plaintiffs submitted substantial evidence to support a *prima facie* case as to the elements of the underlying claim of wrongful use of a civil proceeding. We affirm.

We review a trial court's ruling on an ORS 31.150 special motion to strike for legal error and state the facts in the light most favorable to plaintiffs. *Yes On 24-367 Committee v. Deaton*, 276 Or App 347, 350-51, 367 P3d 937 (2016); *Handy v. Lane County*, 360 Or 605, 608 n 1, 385 P3d 1016 (2016). Because both parties agree that the case covers a protected activity, the issue on appeal is whether plaintiffs "present[ed] substantial evidence to support a *prima facie* case" of wrongful use of a civil proceeding. *Young v. Davis*, 259 Or App 497, 501, 314 P3d 350 (2013). Substantial evidence means sufficient evidence to avoid a directed verdict. *Handy*, 360 Or at 618.

In order to determine whether plaintiffs presented substantial evidence to support a *prima facie* case of wrongful use of civil proceedings, we must evaluate the elements of that claim. A *prima facie* case of wrongful use of a civil proceeding requires five elements: (1) institution and completion of a legal proceeding; (2) termination of that proceeding in plaintiff's favor; (3) lack of probable cause to bring the proceeding; (4) malice or an improper purpose; and (5) damages. *Checkley v. Boyd*, 198 Or App 110, 132, 107 P3d 651, *rev den*, 338 Or 583 (2005). Because it is dispositive, we focus our analysis on the element of lack of probable cause.

In the context of wrongful use of a civil proceeding, probable cause "means that the person initiating the civil action reasonably believes that he or she has a good chance of prevailing—that is, he or she subjectively has that belief *and* the belief is objectively reasonable." *Worley v. Lewis*, 338 Or App 344, 350-51, 567 P3d 468 (2025) (quoting *Roop v.*

*Parker Northwest Paving Co.*, 194 Or App 219, 238, 94 P3d 885 (2004), *rev den*, 338 Or 374 (2005) (emphasis in *Worley*). A "plaintiff may prove the absence of probable cause by proving *either* that the defendant lacked a subjective belief that the claim had merit, *or* that the defendant subjectively believed that the claim had merit but such belief was objectively unreasonable." *Id*. at 351 (emphasis in original).

On review of the record, we agree with defendant that plaintiffs did not present substantial evidence sufficient to support an inference that defendant lacked probable cause. Plaintiffs contend that the federal case was precluded when it was filed and that defendant knew at the time of filing that it was factually unsupported.

To the extent plaintiffs suggest that defendant lacked probable cause because the prior Yamhill County circuit court case legally precluded defendant's claim or the evidence in that case clearly undermined the factual basis for the claim, we disagree. That prior case was not concluded before defendant brought the underlying claim, and the judge in that case acknowledged that it was "a very difficult and close decision." Based on that context, any potential preclusion was not "so irrefutable that [defendant] could not have reasonably believed" that the claim had merit, and therefore, it was not sufficient substantial evidence to support an inference that defendant lacked probable cause. *Roop*, 194 Or App at 243. Further, while plaintiffs' declarations aver that defendant knew that plaintiffs were not cultivating marijuana for commercial purposes "because of discovery that had been exchanged" in the Yamhill County proceeding, plaintiffs do not specify what discovery was exchanged, and the record does not appear to support an inference that defendant's belief that the plaintiffs cultivated marijuana for commercial purposes was objectively unreasonable. *See id*. at 244 (inference of lack of probable cause not supported where the plaintiff failed to identify evidence to support that the defendant's belief in the merits of the claim was unreasonable). The conclusion that plaintiffs did not submit substantial evidence to demonstrate that defendant filed a civil proceeding without probable cause obviates the need to address the other contested elements. *See Mohabeer v.*

*Farmers Ins. Exchange*, 318 Or App 313, 320, 508 P3d 37, *rev den*, 370 Or 212 (2022) (determining that special motion to strike should have been granted where the plaintiff had not met his burden to present *prima facie* evidence of a lack of probable cause and that it was unnecessary to reach other elements of the claim).

Affirmed.