No. 48 January 29, 2025 493

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

MIKE ERICKSON FOR CONGRESS COMMITTEE,
a political committee,
*Plaintiff-Respondent,*

*v.*

ANDREA SALINAS FOR OREGON COMMITTEE,
a political committee, and Andrea Salinas,
an individual,
*Defendants-Appellants.*

Clackamas County Circuit Court
22CV33968; A180240

Todd L. Van Rysselberghe, Judge.

Argued and submitted February 5, 2024.

William B. Stafford argued the cause for appellants. Also on the briefs were Abha Khanna, Justin Baxenberg, and Elias Law Group, LLP; and Dallas DeLuca, Harry B. Wilson, and Markowitz Herbold, PC.

David A. Anderson argued the cause for respondent. Also on the brief was Schwabe, Williamson & Wyatt, P.C.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Reversed and remanded.

**ORTEGA, P. J.**

This is a case under Oregon's anti-SLAPP statute, ORS 31.150, between two political opponents for the United States House of Representatives for Oregon's sixth district. Defendants, Andrea Salinas and the Andrea Salinas for Oregon Committee, appeal from the trial court's denial of their special motion to strike the complaint that plaintiff, the Mike Erickson for Congress Committee, brought against defendants under ORS 260.532, which provides a cause of action for publication of a false statement of material fact relating to a political candidate. Plaintiff alleged that defendants violated ORS 260.532 when they made false statements about Mike Erickson in a television ad. Defendants responded with the special motion to strike, arguing that plaintiff could not make out a *prima facie* case because the ad was not false, among other things. The trial court denied the motion, and defendants appeal from the resulting limited judgment. We conclude that the trial court erred in not granting the special motion to strike because the ad can be reasonably understood to be factually correct, and reverse and remand for the trial court to dismiss plaintiff's complaint as provided in ORS 31.150.[1]

"We review a trial court's ruling on an ORS 31.150 special motion to strike for legal error." *Plotkin v. SAIF*, 280 Or App 812, 815, 385 P3d 1167 (2016), *rev den*, 360 Or 851 (2017). Under ORS 31.150, a court engages in a two-step burden-shifting process to resolve such a motion. *Young v. Davis*, 259 Or App 497, 501, 314 P3d 350 (2013). First, the court must determine whether the defendant has met the burden to show that the claim "'arises out of' one or more protected activities described in subsection (2)." *Id*. Here, the parties agree that defendants met that burden. This case turns on the second step, which requires plaintiff "to establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to

---

[1] We acknowledge that plaintiff has filed an objection to defendants' request in their opening brief that we take judicial notice of four newspaper articles. As part of that objection, plaintiff also requests that we strike the articles from the appellate record. Because we have not included those articles in our consideration of the case, we decline to take judicial notice of them and deny plaintiff's request as moot.

support a prima facie case." ORS 31.150(4). That requires the plaintiff to "submit sufficient evidence from which a reasonable trier of fact could find that plaintiff met its burden of production." *Handy v. Lane County*, 360 Or 605, 622-23, 385 P3d 1016 (2016). In addressing the second step, "we take the facts from the pleadings and from the supporting and opposing declarations and affidavits submitted to the trial court, ORS 31.150[(5)], and we view the facts underlying plaintiff's claim in the light most favorable to plaintiff." *Plotkin*, 280 Or App at 815. With that standard in mind, we recite the relevant facts.

This case arises out of a political advertisement that defendants ran on television in September 2022, leading up to the November election between Mike Erickson and Andrea Salinas. That ad was based on the following incident. In the early morning hours of September 17, 2016, Erickson was pulled over by an Oregon State Police officer and, ultimately, was arrested for driving under the influence of intoxicants (DUII). When Erickson was booked into a detention facility, the police officers found an oxycodone blister pack with one pill and one empty package in Erickson's wallet. At the time, Erickson admitted that he did not have a prescription for the oxycodone and said that he had gotten it from his wife. Erickson pleaded guilty to DUII and, as part of that plea agreement, the district attorney did not file any charges against Erickson related to the oxycodone pill.

This case largely rests on the documents about that incident, the contents of which are undisputed. The police report of the arresting officer states that "Erickson was lodged on the DUII and unlawful possession of Oxycodone." An Oregon State Police document titled "Incident: SP16316264" also states that Erickson was "lodged on the DUII and unlawful possession of oxycodone," and states the "classification" as "Arrested; Charged; Driver." That document includes a section titled "Charges/Pending Charges," which provides:

"• **475.834 Possession of Oxycodone** (Fel, C); Status: Cleared by Arrest (OSP); Offense Date: 09/17/2016; Charge Date: 09/17/2016; Offense Location: * * *

"• **813.010 DUII - Alcohol** (Misd, A); Status: Cleared by Arrest (OSP); Offense Date: 09/17/2016; Charge Date: 09/17/2016; Offense Location: * * *"

(Boldface in original.) The day of his arrest Erickson signed a release agreement that stated, "Charges: UP [Unlawful Possession] CONTROLLED SUBSTANCE SCHEDULE II, DUII."

Erickson entered a petition to plead guilty to DUII, which provided that the district attorney "agreed to dismiss felony possession of controlled substance upon tender of guilty plea." The plea also stated that the district attorney "will make the following recommendation to the Court about my sentence or about other pending charges. * * * DAA [will] dismiss felony possession of c.s. upon guilty plea, recklessly endangering another person and the violations."

In September 2022, defendants released the political ad based on the above-described documents from Erickson's 2016 arrest. We describe only the first part of the ad, which contains the allegedly false statements.[2] That part of the ad contained on-screen text stating, "Charged with Felony Drug Possession," and a voiceover stating, "The truth about Mike Erickson in law enforcement, Erickson was charged with felony drug possession for illegal Oxycodone[.]" The ad also contained text citing to the police incident document and displayed an image of a white powdery substance being cut into four lines.

After the ad aired, plaintiff sent defendants a cease-and-desist letter alleging that the ad was false because it states that Erickson was "Charged with Felony Drug Possession" and showed an image of cocaine. The letter stated that "Erikson was never charged with illegal

----

[2] We note that plaintiff did not make the ad itself part of the record. Although plaintiff played a video of the ad during the hearing and the ad was relied on by the trial court, plaintiff did not seek to admit the video as an exhibit, and the video was not made a part of the appellate record. This description is based on the transcript of the hearing, which contained the spoken part of the ad, the trial court's description of the image of the white powder, and an affidavit filed by defendants that included a breakdown of the text and spoken words used in the ad. Although the transcript contains the entire spoken part of the ad, we do not have an evidentiary basis on which to describe any of the images used in the ad, other than the white powder, so we refrain from referring to the rest of the images in the ad.

possession of cocaine and has never been convicted of a drug charge" and that the case "involving his possession of a single oxycodone tablet legally prescribed to his wife following surgery was dismissed." Plaintiff also contacted the district attorney, who confirmed that Erickson had not been charged with felony possession of drugs. The district attorney separately informed defendants that the district attorney did not file a felony drug possession charge against Erickson.

Plaintiff then sent defendants a second cease-and-desist letter that included two documents provided by the district attorney. The first document was the offer for a negotiated plea from the district attorney, which stated the offer:

> "Plead guilty to DUII and enter statutory diversion; State will dismiss remaining violations and not file additional charges, including but not limited to Recklessly Endangering Another Person and Unlawful Possession of Hydrocodone."

The second document was the "Oregon Uniform Citation and Complaint" filled out by the Oregon State Police officer at the time of Erickson's arrest, which does not include any offenses other than DUII - Alcohol. Defendants continued to run the ad.

In October 2022, plaintiff brought its complaint against defendants under ORS 260.532.[3] Plaintiff alleged that the ad falsely stated that "Mike Erickson was charged with felony drug possession of illegal oxycodone" and contained written text that falsely stated, "Mike Erickson Charged with Felony Drug Possession." The complaint also alleged that the ad "shows an image of someone cutting four lines of white powder that appears to be cocaine."

In response, defendants filed a special motion to strike the complaint under Oregon's anti-SLAPP statute,

_____

[3] ORS 260.532 provides, in part:

"(1) No person shall cause to be written, printed, published, posted, communicated or circulated, including by electronic or telephonic means, any letter, circular, bill, placard, poster, photograph or other publication, or cause any advertisement to be placed in a publication, or singly or with others pay for any advertisement or circulate an advertisement by electronic or telephonic means, with knowledge or with reckless disregard that the letter, circular, bill, placard, poster, photograph, publication or advertisement contains a false statement of material fact relating to any candidate, political committee or measure."

ORS 31.150. The trial court denied the motion, concluding that plaintiff made out a *prima facie* case. The court emphasized that the only charging instrument filed in the case was the charge of DUII and that no drug possession charges were filed. The court viewed the text in the ad along with the image of the white powder and concluded that plaintiff made a sufficient showing that the statements in the ad were false. The court also concluded that using the word "charged" as opposed to a different word was material and that defendants knew or recklessly disregarded that the statement was false based on plaintiff's letters to defendants. The court entered a limited judgment denying the motion to strike, and defendants appeal.

The question we must address on appeal is whether the trial court correctly concluded that plaintiff "present[ed] substantial evidence to support a prima facie case," ORS 31.150(4), which required plaintiff to "submit sufficient evidence from which a reasonable trier of fact could find that plaintiff met its burden of production." *Handy*, 360 Or at 622-23. For the claim asserted by plaintiff under ORS 260.532, plaintiff had to show that defendants "(1) published (2) a false statement (3) of a material fact (4) with knowledge or reckless disregard that it was false." *Yes on 24-367 Committee v. Deaton*, 276 Or App 347, 355, 367 P3d 937 (2016). There is no dispute that defendants published the allegedly false statements. On appeal, defendants assert that plaintiff failed to submit sufficient evidence that the statements were false or material and that defendants acted with knowledge or reckless disregard that the statements were false. Because we conclude that plaintiff did not make the necessary showing that the statements were false, we do not reach the other elements of the claim.

For purposes of ORS 260.532, statements are not "false" if "any reasonable inference can be drawn from the evidence that the statement is factually correct or that the statement is merely an expression of opinion." *Comm. of 1000 v. Eivers*, 296 Or 195, 202, 674 P2d 1159 (1983); *see also Yes on 24-367 Committee*, 276 Or App at 355 (relying on *Comm. of 1000*). "The mere possibility of an inference of falsity does not confer a right of action under ORS 260.532

if the evidence may also give rise to a reasonable inference of correct fact or to a reasonable inference that the comment is the expression of an opinion." *Comm. of 1000*, 296 Or at 202. In addition, "[a]n ambiguous statement 'or the possible erroneous inference to be drawn therefrom'" does not violate ORS 260.532. *Yes on 24-367 Committee*, 276 Or App at 355-56 (quoting *Comm. to Retain Judge Tanzer v. Lee*, 270 Or 215, 220, 527 P2d 247 (1974)). Thus, we must determine whether defendants' statements "can reasonably be interpreted in a manner that makes [them] 'factually correct.'" *Id.* at 356. In doing so, we emphasize that this is not a case in which there is any dispute about the historical facts of the case. Rather, we must address whether the ad can be understood to be factually correct in the context of those undisputed facts.

The alleged falsity from plaintiff's complaint is that defendant's ad falsely used the word "charged" in the two statements that Erickson was "Charged with Felony Drug Possession" and "charged with felony drug possession for illegal Oxycodone." Plaintiff presented evidence that the district attorney did not file a charge against Erickson for felony drug possession and that defendants were informed of that fact but continued to run the ad. Plaintiff asserts that that was sufficient to make out a *prima facie* case of falsity, because, under Oregon law, the police are not authorized to charge someone with a felony offense and, thus, there is no way to interpret the ad as true. Plaintiff also argues that, in the context of the ad, defendants were stating that charges were filed against Erickson because the imagery used in the ad, including the image of the white powder, indicated a seriousness and formality to the allegations that narrows the possible meaning of the words used in the ad.[4]

We reject plaintiff's argument because it relies on a specific understanding of the word "charged" when used in connection with the commencement in an Oregon court of a felony criminal case against a person. The word "charge" or "charged," however, is used with regularity in a less

_____

[4] Plaintiff also asserts that the ad included a display of official documents. Although we do not doubt plaintiff's assertion, we have no evidence in the appellate record that the ad included that imagery. In any event, whether or not the ad contained such an image has no effect on our decision.

formalistic sense to mean accused of a crime by law enforcement, whether the offense is a felony or not, and whether a court case is prosecuted or not. Indeed, Erickson signed a release agreement in which law enforcement referred to the felony drug possession as a charge against him, which does not match plaintiff's argued understanding of the term.

We often turn to dictionaries to aid us in understanding the common meaning of words, and that exercise supports the broader, less formalistic understanding. The common meaning of the word "charge" when used as a verb, in this context, is "to make an assertion against esp. by ascribing guilt or blame for an offense or wrong: ACCUSE — used with *with*." *Webster's Third New Int'l Dictionary* 377 (unabridged ed 2002). Similarly, Black's Law Dictionary provides that, as a verb, "charge" means, in this context, "[t]o accuse (a person) of criminal conduct." *Black's Law Dictionary* 227 (7th ed 1999). Both of those meanings are broader than the specific manner in which plaintiff argues the word "charged" must be understood in the ad, which is an interpretation based on Oregon's rules of criminal procedure.

We also do not agree that the context of the ad narrows the possible meanings of "charged" in the manner advocated by plaintiff. Plaintiff did not present evidence that the ad could be understood only to state that a court case was commenced against Erickson for felony drug possession. Further, the record contains no evidence that the audience of the ad had specialized knowledge about commencing a criminal case in Oregon on a felony offense such that plaintiff's interpretation could be the only reasonable inference drawn from the statement in the ad. *See Yes On 24-267 Committee*, 276 Or App at 358-59 (taking into consideration whether evidence supported that the audience for the allegedly false statement had knowledge or requisite context to interpret the statement in the manner asserted). We reiterate that plaintiff brought its claim under ORS 260.532, under which a statement is not false if "any reasonable inference can be drawn from the evidence that the statement is factually correct." *Comm. of 1000*, 296 Or at 202. A statement that is ambiguous or merely raises the

possibility of a false inference is not sufficient for plaintiff to meets its *prima facie* burden. *Yes on 24-367 Committee*, 276 Or App at 355-56. Here, it was reasonable to infer from the ad's use of the word "charged" that law enforcement had accused Erickson of felony drug possession.. That reasonable inference is factually correct. We thus conclude that plaintiff did not meet its burden to establish a *prima facie* case of falsity for purposes of ORS 260.532.

Our conclusion is supported by the context provided in the ad itself, which included text that cited to the incident document. That document listed "Possession of Oxycodone (Fel, C)" as a charge/pending charge and it included a "charge date" for the offense that was the date of Erickson's arrest. Any person watching the ad who followed up by retrieving the referenced document in the ad would see that it refenced a "charge" of felony possession of oxycodone. That document, along with the release agreement signed by Erickson, further supports the common understanding of the word "charge" as a word that is used by law enforcement to mean that law enforcement has accused a person of a crime. The fact that, ultimately, the district attorney declined to file that charge in court based on a plea agreement does not make it unreasonable to understand that the ad stated that Erickson was charged with, *i.e.* accused of, that crime by the police.

We also are not persuaded that the context of the ad displaying an image of a white powdery substance being cut into four lines changes that analysis. The ad did not communicate that the substance was cocaine. The image was shown as the voiceover stated that "Erickson was charged with felony drug possession for illegal Oxycodone." Plaintiff did not submit any evidence that the image of the white substance could be reasonably understood only to be a statement that Erickson was charged with felony drug possession of cocaine, and the overall context in the ad cuts against that inference.

Accordingly, we conclude that plaintiff did not meet its burden for a *prima facie* claim under ORS 260.532, because the statements and imagery in the ad can be reasonably understood to be factually correct. *See Comm. of*

*1000*, 296 Or at 202; *Yes on 24-367 Committee*, 276 Or App at 355. We reverse and remand for the court to grant defendant's motion to strike and dismiss plaintiff's complaint as provided in ORS 31.150.

Reversed and remanded.